Decided 30 July, 1907.

## STATE *v.* REYNER.

91 Pac. 301.

INDICTMENT—OBJECTION AT TRIAL FOR INSUFFICIENCY.

1. Under Section 1365, B. & C. Comp., an objection to an indictment because the facts therein stated do not constitute a crime may be made at the trial under a plea of not guilty.

FACTS CONSTITUTING LARCENY FROM THE PERSON.

2. Where the defendant and the prosecuting witness agreed to exchange vests and the defendant received the garment from the witness, whereupon he suddenly and without the consent of the witness took therefrom articles of value, he is guilty of larceny from the person, prohibited by Section 1800, B. & C. Comp.

LARCENY FROM A STORE AND FROM THE PERSON—NATURE OF OFFENSE —ELEMENT OF VALUE OF PROPERTY.

3. The crimes of larceny from a store (Section 1799, B. & C. Comp,) and larceny from the person (section 1800) are compound larcenies, consisting of simple larceny (section 1798), aggravated by the circumstance of taking the property from a store or the person of another, in which the value of the property is not an ingredient of the offense, as in the case of simple larceny.

LARCENY—GREATER AND LESS DEGREES.

4. A charge of larceny from a store or from the person includes a charge of simple larceny, and under either of the former charges the defendant may be convicted of the last.

INDICTMENT—WAIVER OF OBJECTION OF DUPLICITY.

5. Though an indictment is open to demurrer if the facts stated constitute more than one crime, or one crime in several forms, an objection on that ground must be taken by demurrer or it is waived.

SUFFICIENCY OF DUPLICITOUS INDICTMENT TO SUPPORT CONVICTION.

6. No demurrer having been filed to an information charging more than one offense, they not being inconsistent, a conviction of the lesser of the two will be sustained.

An information charging larceny from a store, a compound larceny, and also alleging the value of the property, not being demurred to as charging two offenses, will sustain a verdict and judgment based on a simple larceny; the verdict determining the value of the property taken.

CRIMINAL LAW—WAIVER OF OBJECTION OF INSUFFICIENCY OF EVIDENCE —MOTION TO ACQUIT.

7. An objection because of the insufficiency of evidence on a material point must specifically point out the defect or it will be considered waived.

TRIAL—DISCRETION AS TO QUESTIONS NOT SHOWING BIAS.[*]

8. Objections to questions tending to humiliate a witness, but not to show bias or prejudice, are wisely sustained in the discretion of the trial court.

[*]NOTE.—On this subject see *State* v. *White*, 48 Or. 416, headnote 5.

REPORTER.

TRIAL—INSTRUCTION AS TO DEGREES—NEED OF REQUEST.

9. Where a charge necessarily includes several degrees of crime, an instruction that the jury may find the defendant guilty of the lesser degree if they have a reasonable doubt of his guilt of the higher degree must be specially requested or it need not be given: *State* v *Cody*, 18 Or. 506, overruled.

CRIMINAL LAW—EVIDENCE OF PREVIOUS CONVICTION AS AFFECTING CREDIBILITY.

10. Under Section 852, B. & C. Comp., providing that a witness may be impeached by the record of his previous conviction of a crime, a court may properly instruct the jury that the record of a previous judgment of guilty of a crime may be considered in determining the weight to be given to the testimony of a defendant.

From Union: THOMAS A. CRAWFORD, Judge.

F. K. Reyner appeals from a conviction of a crime.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Charles H Finn*.

For the State there was a brief over the names of *A. M. Crawford*, Attorney General, and *I. H. Van Winkle*, with an oral argument by *Mr. Crawford*.

Opinion by MR. JUSTICE MOORE.

The defendant, F. K. Reyner, was convicted of the crime of larceny and sentenced to imprisonment in the penitentiary for the term of three years, from which judgment he appeals.

His counsel contend that the information does not state facts sufficient to constitute a crime, and that the evidence produced at the trial was insufficient to warrant a conviction, and hence the court erred in denying their request to instruct the jury, as follows: "I charge you that, under the testimony, you must find the defendant not guilty." The information, omitting the title, the *contra formam statuti* clause, the signature of the prosecuting officer, the names of the witnesses and other indorsements, is as follows:

"F. K. Reyner, the above-named defendant, is accused by the District Attorney for the Tenth Judicial District of the State of Oregon, in this information, of the crime of larceny in a building, committed as follows: The said F. K. Reyner did, in the County of Union, and State of Oregon, on the 15th day of November, 1906, wrongfully, unlawfully and feloniously take, steal and carry away in a certain store building, to wit,

the Owl Saloon, a certain sum of money, to wit, the sum of $80, lawful money and currency of the United States, the denominations thereof to the district attorney unknown, said money being then and there the personal property of one Louie Fagin, and of the value of $80."

No demurrer to the formal accusation was interposed; but, a plea of not guilty having been entered, the defendant's counsel objected and excepted to the introduction of any incriminating testimony against their client. Such evidence, though controverted, tended to show that, at the time stated in the information, the defendant was temporarily employed as a bartender in a saloon at La Grande; that the prosecuting witness, Louie Fagin, visited such resort, having in his vest pocket a roll of bills, whereupon the defendant proposed an exchange of vests with him; that Fagin removed his vest and handed it to the defendant, who, turning his back to such witness, took from the garment and retained the roll of bills, and thereupon handed the vest back to the owner. Fagin, as a witness for the State, in describing the money alleged to have been taken from him, testified that the night preceding his loss he left with one W. C. Hesse, at La Grande, for safe-keeping, "two $20 pieces in paper, four $10 bills, and one $10 in gold," and the next morning received the same, placing the paper money in his vest pocket and the gold in a purse, which he carried in his trousers pocket. The testimony of this witness is corroborated by that of Hesse as to the denomination and kind of money left with and given back by him. H. C. Cotner, the proprietor of the saloon where the defendant was employed, testified that, upon returning to his place of business, after a short absence, he found Fagin censuring the defendant for taking from him a package of paper money, saying:

"This foreigner was accusing this man Reyner, over there, that he had taken a roll of greenbacks from him, his money, and he pulled open his coat that way, and said: 'He took it out of there.' * * Of course, he talked broken, but he made me understand there were $85 in it in greenbacks, paper money, and he says, 'There is two $20 greenbacks, bills,' and he made me understand the balance of it was $5 and $10 bills."

W. W. Crawford testified that he was in Cotner's saloon, November 15, 1906, and saw Fagin take "from his pocket what looked like greenback bills, and put them back in his coat pocket." The foregoing is the only testimony tending in any manner to identify the kind of money alleged to have been taken, or to establish its value, and, based on such evidence, the court said to the jury:

"When you retire, gentlemen, you will select one of your number as foreman, who will sign whatever verdict you agree upon. If you are satisfied from the evidence in this case beyond a reasonable doubt of the guilt of the defendant, as I have indicated to you, you will sign and return this verdict:

'We, the jury in the above-entitled criminal action, find the defendant, F. K. Reyner, guilty of larceny, and the value of the property stolen $——,' filling in the number of dollars, the value of the property stolen, and sign it above the word 'Foreman.'"

An exception to this part of the charge was reserved by the defendant's counsel. Pursuant to the direction, however, the jury inserted in the verdict the following: "$80.00."

The information hereinbefore set out is evidently based on an alleged violation of Section 1799, B. & C. Comp., which, so far as involved herein, is as follows:

"If any person shall commit the crime of larceny in any dwelling house, banking house, office, store, shop or warehouse * * and commit the crime of larceny therein, such person, upon conviction thereof, shall be punished," etc.

As this section is entitled "Larceny in House, Boat, or Public Building," it is argued that the crime of larceny in a building is not classified as a special offense under our statute, unless such structure is used by the public, and the defect in the information was not remedied by the averment "in a certain store building," for the idea intended to be expressed by the use of that phrase is to charge the commission of an offense in a building, rather than in a store.

1. The failure of an information to state facts sufficient to constitute a crime may be taken advantage of at the trial, as was done in the case at bar, under plea of not guilty (B. & C.

Comp. § 1365), thereby making an examination of the charging part of the formal accusation necessary.

2. Before considering such question, however, attention is called to the testimony, which, it will be remembered, tended to show that the money alleged to have been stolen was taken by the defendant from a vest which was delivered to him by Fagin, the owner of the property. If it be assumed that the money was abstracted from the garment under the circumstances adverted to, the stealing was larceny from the person, provided the taking was without Fagin's knowledge or consent, or so suddenly as to preclude resistance before asportation: Rapalje, Larceny, § 16; McClain, Crim. Law, § 575; *Commonwealth* v. *Lester,* 129 Mass. 101.

3. Our statute, prohibiting such thefts and prescribing the measure of punishment therefor, is as follows:

"If any person shall commit the crime of larceny by stealing from the person of another, such person shall, upon conviction thereof, be punished," etc.: B. & C. Comp, § 1800.

The conviction herein was undoubtedly based on a violation of Section 1798, as amended by Laws 1905, p. 83, which, so far as considered material in the case at bar, is as follows:

"If any person shall steal any goods or chattels, or any government note, bank note, * * which is the property of another, such person shall be deemed guilty of larceny, and upon conviction thereof, if the property stolen shall exceed in value $35, shall be punished by imprisonment in the penitentiary not less than one nor more than ten years; but if the property stolen shall not exceed the value of $35, such person, upon conviction thereof, shall be punished by imprisonment in the county jail not less than one month nor more than one year, or by fine not less than twenty-five nor more than one hundred dollars."

An examination of the provisions of the statute relating to stealing from any dwelling house, etc., or from the person of another, will show that the commission of such crimes is a compound larceny, consisting of simple larceny, aggravated by the circumstance of taking personal property of the class designated from a building in which it has been placed for safety,

or from the person of another, who is awake and has the goods, chattels, or choses in action under his immediate observation and protection (*State* v. *Patterson,* 98 Mo. 283: 11 S. W. 728), in which cases the value of the property taken is not an ingredient of the offense.

4. Larceny in a dwelling house or from the person of another is therefore a crime of greater magnitude than simple larceny, and, either of the former being a crime consisting of degrees, the larger offense necessarily includes the smaller.

5. The information stated the value of the property taken, but such averment was unnecessary, and, if it be assumed that the designation of "a certain store building" was a sufficient compliance with the requirement of the statute to make the offense larceny in a house of the specified class, the accusation might have been construed as stating facts constituting the commission of two crimes. Notwithstanding it is enacted that a written accusation must charge but one crime, and in one form only (B. & C. Comp. § 1308), and a failure to comply therewith renders the pleading demurrable (B. & C. Comp. § 1357, subd. 3), if the information is not thus challenged on account of its double aspect, the defect is waived: B. & C. Comp. § 1305; *State* v. *Lee,* 33 Or. 506 (56 Pac. 415) ; *State* v. *Carlson,* 39 Or. 19 (62 Pac. 1016, 1119).

6. No demurrer to the pleading was interposed in the case at bar, and as the offense charged was a compound larceny, the information is sufficient to uphold the verdict and judgment, which are based on simple larceny, where the worth of the property taken is alleged and determined by the verdict, thereby removing any doubt on that subject (*State* v. *Hanlon,* 32 Or. 95: 48 Pac. 353; *State* v. *Savage,* 36 Or. 191: 60 Pac. 610) ; and no error was committed in directing a finding as to such value.

7. It is maintained by defendant's counsel that no direct proof was offered tending to show that the property claimed to have been stolen was "lawful money and currency of the United States," as alleged in the information, and that there was an

cntire failure to establish the value of the bills asserted to have
been taken, and for these reasons the testimony was insufficient
to authorize a finding as to such value; and hence the court was
at fault in denying the request to give the instruction herein-
before set out, and also erred in charging the jury as follows:

"I instruct you that government notes in the form of green-
backs, silver certificates, or gold notes, and national bank notes,
are current moneys of the United States, and are subject of
larceny under our statutes."

To the giving of this an exception was saved. It will be
recalled that the testimony tended to show that the property
alleged to have been unlawfully taken consisted of two $20 and
four $10 bills in·greenbacks. These bills were not specifically
identified, nor was any person called as a witness to prove the
value thereof. If the court's attention had been particularly
attracted to the failure of proof in the respect indicated, it is
quite probable that, notwithstanding both parties had rested,
the cause would have been opened so that evidence of the kind
and value of the bills might have been supplied. This court was
established to correct, after careful deliberation, the errors
alleged to have been committed in the hurry of a trial by a
circuit court; but, unless the latter tribunal has had an oppor-
tunity to pass upon the question that is brought to this court
for examination, the consideration thereof would not be a re-
view, as contemplated by the rules of law, but the contemplation
of an independent inquiry, which, if sanctioned, would permit
a party to an appeal to try a cause upon an entirely different
theory from that pursued in the court below. To obviate such
a system of procedure, a party who seeks to review the action
of a trial court on account of a lack of evidence, of which he
complains, is required particularly to point out to it the legal
principle for the maintenance of which he contends, and, if he
fails to do so at the proper time, any error, unless there is a
total failure of proof, is necessarily waived: *State* v. *Tamler,*
19 Or. 528 (25 Pac. 71: 9 L. R. A. 853) ; *State* v. *Foot You,*
24 Or. 61 (32 Pac. 1031, 33 Pac. 537) ; *State* v. *Robinson,* 32

Or. 43 (48 Pac. 357); *State* v. *Fiester,* 32 Or. 254 (50 Pac. 561); *State* v. *Schuman,* 36 Or. 16 (58 Pac. 661: 47 L. R. A. 153: 78 Am. St. Rep. 754); *State* v. *Sally,* 41 Or. 366 (70 Pac. 396). As there was some evidence introduced at the trial tending to establish the identity and value of the paper money alleged to have been stolen, and as the request for an instruction to find a verdict of "not guilty" did not particularly specify the ground on which it was based, no error was committed in refusing to charge the jury as desired, or in giving the instruction hereinbefore set out and assigned as error.

8. A. P. Southwick, having testified as a witness for the State, was not permitted, on cross-examination, to answer the following question: "And didn't you a majority of the time 'bum' your meals off the free-lunch counters of the saloons?" The defendant's counsel thereupon stated to the court that they expected to prove, by the answer sought, that the witness was a vagrant and a tramp; but, all testimony to that effect having been rejected, an exception was reserved, and it is insisted that an error was thereby committed. If Southwick had given an affirmative answer to the question asked him, or if the defendant's counsel had been permitted to prove the truth of the declaration which they made to the court, the state of feeling existing between the witness and the defendant would not have been disclosed. The necessity of answering such a question as was propounded to Southwick, who did not interpose a claim of privilege, is to be determined by the trial court as a matter within its discretion, which will not be disturbed, except in cases of an abuse thereof: *State* v. *Bacon,* 13 Or. 143 (9 Pac. 393: 57 Am. Rep. 8); *State* v. *Chee Gong,* 17 Or. 635 (21 Pac. 882); *State* v. *Olds,* 18 Or. 440 (22 Pac. 940); *State* v. *Welch,* 33 Or. 33 (54 Pac. 213). We do not think there was any abuse of discretion in refusing to permit the witness to answer the question asked or in rejecting the proof offered.

9. The defendant's counsel, invoking the principle announced in the case of *State* v. *Cody,* 18 Or. 506 (23 Pac. 897, 24 Pac. 895), insist that, when an information charges the commission

of a crime, which necessarily includes a lesser offense, it is incumbent upon the court, without any request therefor, to instruct the jury that they have the right to find the accused guilty of the lesser crime, if they entertain a reasonable doubt as to his guilt as to the greater offense, and that, no charge to that effect having been given, an error was committed. In *State v. Foot You,* 24 Or. 61 (32 Pac. 1031, 33 Pac. 537), the doctrine promulgated in the case relied upon was expressly overruled, and hence no error was committed, as alleged.

10. The court gave to the jury the following instructions:

"The State has introduced in evidence in this case the judgment roll in the case of the State against Fred Reyner, wherein the defendant therein was charged with the crime of assault with a dangerous weapon, and, upon a plea of guilty to simple assault, was adjudged to pay a fine of $50; and the State has also offered the testimony of the clerk of this court to the effect that Fred Reyner, named in the judgment roll, is the identical and same person as F. K. Reyner, the defendant in this case. I instruct you, gentlemen of the jury, that you can only consider this judgment roll for the purpose of determining the credit to be given to the testimony of the defendant. You cannot consider this record as a circumstance from which you might infer guilt of the defendant in this case, but only as a matter affecting the credibility of F. K. Reyner as a witness in his own behalf in this case upon the witness stand."

An exception having been taken to this part of the charge, it is contended by the defendant's counsel that an error was thereby committed. For the purpose of determining the degree of credibility to which a witness is entitled, the record of a judgment may be received in evidence to show that he has been convicted of a crime: Section 852, B. & C. Comp. We think no error was committed in giving this instruction.

Exceptions were taken to other parts of the court's charge; but, believing the errors assigned are unimportant, the judgment is affirmed.        AFFIRMED.