Argued at Pendleton October 30, affirmed November 20, 1928.

STATE *v.* HAROLD WILSON.

(271 Pac. 742.)

For appellant there was a brief and oral argument by *Mr. R. W. Swagler.*

For respondent there was a brief and oral argument by *Mr. E. M. Blodget,* District Attorney.

BROWN, J.—The conviction in this case is supported by the testimony of Miller, an alleged accomplice, and corroborating evidence.

The scene of the offense is laid in a canyon in a remote section of Malheur County, through which flows a small stream known as Trail Creek. On October 13, 1927, the sheriff of Malheur County, accompanied by two deputies, visited this canyon for the purpose of searching that territory for a still. The officers located the still and there found several hundred gallons of mash, two sacks of sugar and one of corn, and a small quantity of moonshine whisky, with James Miller in possession. The sheriff took Miller to jail and left the deputies at the still. Between 10 and 11 o'clock on the following morning Harold Wilson, this defendant, was seen approaching on a saddle-horse and leading a string of two pack-horses. He disappeared from view in the vicinity of the still and later emerged from the brush with his saddle-horse only. Riding up within a short distance of the brush-hidden still, defendant said, "Is dinner ready?" The officers answered, "Yes." The defendant was covered and arrested, and immediately observed that he had expected to find Miller at the scene of the operations. He denied bringing any horses other than the saddle-horse, but after being convinced that the officers had seen him approach with the two pack-animals, he admitted that he had relieved them of their packs and turned them loose a short distance away. Upon searching for the packs, the officers found two sacks of sugar suitable for use in the manufacture of moonshine, two new five-gallon kegs, and other articles which the defendant stated he was transporting to the still

at the request of his co-defendant Rust. The defendant was brought to the county seat.

On the trial of the case Miller, who had been convicted upon his plea of guilty, testified that he had had an agreement with defendant Wilson and Wilson's co-defendant, Oscar Rust, relating to the manufacture of intoxicating liquor, wherein and whereby the proceeds from the sale thereof were to be equally divided among the three. He testified that the still belonged to Wilson; that on September 30, 1927, he accompanied Wilson to the still and commenced operations with the supplies Wilson had on hand, and that on three subsequent dates, at short intervals, Wilson made visits to the still and brought additional supplies to be used in distilling liquor.

In an attempt to explain his presence at the scene of the operation of the still at the time of his arrest, defendant testified that he was acting for the accommodation of his co-defendant, Oscar Rust; that Rust requested him to obtain supplies at Juntura and take them to Miller who, according to Rust, was then in the vicinity of Trail Creek. He said that he obtained the supplies, procured the necessary pack animals and took the supplies to Trail Creek, and, after unloading them near a point where he expected to find Miller, proceeded down the creek, where he was arrested. He denied that he had ever made previous trips to the still, and attempted to establish an alibi with reference to previous visits as related by Miller. In his direct examination as a witness, defendant testified:

"Q. I presume that at the time you took that stuff out,—had you heard rumors of the fact that there was a still up there? A. I had heard that Jim was out making moonshine, that is all."

■ The testimony in the cause at issue, if believed by the jury, was sufficient to connect the defendant with the commission of the crime charged by the indictment, and therefore complies with that wholesome rule of evidence set out by our statute as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime * * ." Or. L., § 1540.

This rule is clear, plain, concise and carries its own exposition. Before a conviction is permitted upon the testimony of an associate in crime, it requires that the prosecution shall adduce additional evidence tending to connect the defendant with the commission of the crime charged: See *State* v. *Turnbow*, 99 Or. 270 (193 Pac. 485, 195 Pac. 569, and local citations).

■ Much criticism is directed by appellant to the court's use of the word "or" in Instruction No. 5. In view of the testimony and the instruction as a whole, it is clear that the court meant to say, by this instruction, that if the jury found beyond a reasonable doubt that the defendant knowingly purchased the corn and sugar and transported it to the still to be used in the manufacture of intoxicating liquor, such act would constitute an aiding, assisting and abetting in the operation of a distillery. Neither the purchase of the sugar and corn alone, nor the transportation of sugar and corn from Juntura to the still, nor the defendant's mere presence at the distillery would constitute a criminal offense. But such purchase and transportation to the still, with

a knowledge and intent that the articles purchased shall be used for a criminal purpose, does constitute a crime, and that was the jury's understanding of the instruction.

■ The defendant argues that, under the statement of facts in this case, if guilty of any crime, he is guilty only of attempting to commit a crime. Our statute provides:

"If any person attempts to commit any crime, and in such attempt does any act towards the commission of such crime, but fails or is prevented or intercepted in the perpetration thereof, such person, when no other provision is made by law for the punishment of such attempt, upon conviction thereof shall be punished as follows * * ." Or. L., § 2376.

For a leading case on this point, see *State* v. *Taylor,* 47 Or. 455 (84 Pac. 82, 8 Ann. Cas. 627, 4 L. R. A. (N. S.) 417). See, also, *State* v. *Harvey,* 119 Or. 512 (249 Pac. 172). However, in the case at bar, the crime was complete. The distillery had not only been set up, but had been operated by defendant and his accomplices for several days immediately prior to October 14, 1927. But, while the indictment in this case alleges that the crime charged was committed on October 14, 1927, that date is not material in view of Section 1443, Or. L., which provides:

"The precise time at which the crime was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof, and within the time in which an action may be commenced therefor, except where the time is a material ingredient in the crime."

Under this state of facts, the jury were concerned only with the question of the accomplicity of the defendant in the commission of the crime charged.

The defendant has assigned no sound reason for the reversal of this cause. We therefore direct its affirmance.                                        AFFIRMED.

RAND, C. J., and BEAN and BELT, JJ., concur.