Argued and submitted April 9, affirmed July 23, 1980

## STATE OF OREGON,
### *Respondent,*
*v.*
## JOHN HENRY PALAIA,
### *Petitioner.*

(No. 108915, CA 14050, SC 26624)

614 P2d 1120

David A. Hilgemann, of Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem, argued the cause and filed a brief for petitioner.

Karen H. Green, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Michael J. Francis, Assistant Attorney General, Salem.

Before Denecke, Chief Justice, and Howell, Lent, Peterson, and Tanzer, Justices.

PETERSON, J.

## PETERSON, J.

The defendant was charged by a grand jury indictment with the crime of escape in the second degree, ORS 162.155.[1] The indictment charged a violation of ORS 162.155(1)(b):

"The above named defendant is accused by the Grand Jury of the County of Marion and State of Oregon, by this indictment of the criminal offense of

ESCAPE IN THE SECOND DEGREE

committed as follows:

"The above named defendant on the 6th day of June, 1978 in the County of Marion and State of Oregon then and there being, did then and there knowingly, unlawfully and feloniously, having been convicted in the Circuit Court of the State of Oregon for Multnomah County on December 23, 1974 of Robbery in the First Degree, a felony, and being in custody as a result of said conviction, escape therefrom, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The facts are not in dispute. The defendant had been convicted of a felony, robbery in the first degree, and was sentenced to a 20-year term, which he was serving in the Oregon State Penitentiary. On June 6, 1978, the defendant was taken from the penitentiary to the Marion County Courthouse for a court appearance. After the appearance, a deputy transport officer from the Marion County Sheriff's office escorted the defendant and another prisoner

---

[1] ORS 162.155:

"(1)  A person commits the crime of escape in the second degree if:

"(a)  He uses or threatens to use physical force escaping from custody; or

"(b)  Having been convicted or found guilty of a felony, he escapes from custody imposed as a result thereof; or

"(c)  He escapes from a correctional facility.

"(2)  Escape in the second degree is a Class C felony."

from the jail in the courthouse to a van parked outside the entrance. As the officer opened the door to the van, the defendant dropped a book which he had been carrying, ran around the back of the van, and escaped. Although restrained with handcuffs and a chain around his waist, the defendant was able to obtain a car in which he was recaptured later the same day.

After the state presented evidence of these facts, the defendant moved for a judgment of acquittal claiming that there was no evidence that he had escaped from "custody" as defined in ORS 162.135(3).

ORS 162.135(3) provides:

"As used in [ORS 162.155] * * *:

"(3) 'Custody' means the imposition of actual or constructive restraint by a peace officer pursuant to an arrest or court order, but does not include detention in a correctional facility, juvenile training school or a state hospital."

After the defendant made his motion for acquittal, the trial court permitted the state to reopen its case. The state then offered into evidence an order from the Marion County Circuit Court dated April 28, 1978, in a case entitled "THE STATE OF OREGON, Plaintiff, vs. JOHN HENRY PALAIA, Defendant, No. 105, 693," which read:

"IT APPEARING TO THE COURT from the files and records herein that the defendant, above-named, is now incarcerated in the Oregon State Penitentiary, Salem, Marion County, Oregon, in custody of the Superintendent thereof, by virtue of a lawful commitment; and

"IT FURTHER APPEARING TO THE COURT that it is necessary that said defendant personally appear in and before this Court for arraignment, trial and other proceedings in the above-entitled cause; and the Court being fully advised in the premises; NOW, THEREFORE,

"IT IS HEREBY ORDERED that the Superintendent of the Oregon State Penitentiary deliver to the Sheriff of Marion County, Oregon, or his deputies,

the said JOHN HENRY PALAIA defendant herein, for the purpose of transporting the said defendant to the above-entitled Court to personally appear in the above-entitled proceedings at the hour of 9:00 A.M. on Tuesday, May 2, 1978, and at any subsequent proceedings relative to the case; and said defendant shall remain in the custody of said Sheriff at all times during each of said proceedings and at the conclusion of each proceedings said JOHN HENRY PALAIA shall be returned to the Oregon State Penitentiary in accordance with the terms of the commitment upon which the said JOHN HENRY PALAIA is now held therein."

The defendant thereafter renewed his motion for acquittal, which was denied. After his conviction and sentence, he appealed, claiming that the "trial court erred in failing to acquit the defendant because of a material variance between the indictment and proof." The Court of Appeals affirmed without opinion. 42 Or App 837, 601 P2d 917 (1979). In his petition for review defendant contends:

"Defendant reads the statute [ORS 162.155] as creating two separate and *mutually exclusive* crimes. The first covers the situation where a person has been convicted of a felony and is in custody as a result of such felony conviction. The second covers a situation where a person escapes from a correctional facility." (Emphasis theirs.)

Defendant then seeks to avoid either of the two situations with these claims:

1. He could not be found guilty of escape from a correctional facility (ORS 162.155(1)(c)) because he was not charged with that offense.

2. He could not be found guilty of the crime for which he was indicted (ORS 162.155(1)(b)) because the court order pursuant to which he was in the charge of the transport officer "did not state that such custody was the result of a prior felony conviction."

The record is clear that the defendant "had been convicted or found guilty of a felony," the first element of ORS 162.155(1)(b). ORS 162.155(1)(b) also requires proof that the defendant's restraint was imposed "as a result" of his having been convicted of a felony.

Examination of the minutes of the Oregon Criminal Law Revision Commission reveals that the language "imposed as a result thereof" was added to Article 23 of the Criminal Law Revision Commission's Preliminary Draft No. 3 of the Proposed Oregon Criminal Code (now ORS 162.155(1)(b)). Its purpose was to make clear that this subsection was not intended to apply either to the escape of a person presently *charged* with a misdemeanor or felony, or to the escape of one convicted of a misdemeanor, who had previously been convicted of a felony, been sentenced and released from custody on that charge. Oregon Criminal Law Revision Commission Minutes at 19, Tape 49, Side 2 at 490 (March 18, 1970).

■■ We construe the phrase "as a result thereof," as used in ORS 162.155(1)(b), to apply to the numerous situations in which a felon is in actual or constructive restraint of a peace officer and not within a correctional facility (a) following a finding of guilt and an order remanding defendant to the custody of a law enforcement person or agency, or (b) following commitment of defendant by court order to a correctional facility after a judgment of conviction. This case falls within (b).[2]

---

[2] Even before the order of April 26, 1978, was in evidence, under the foregoing analysis, the record was sufficient to sustain the defendant's conviction. The transcript contains the testimony of Wayne Baker, the chief records officer of the Oregon State Penitentiary, who testified (1) that defendant, on June 6, 1978, was in custody of the Oregon Corrections Divison pursuant to a conviction in Multnomah County for robbery in the first degree; and (2) that on June 6, 1978, he was on "temporary loan to [Marion] [C]ounty by court order from that county."

A copy of defendant's Multnomah County judgment of conviction was also in evidence.

■     Contrary to the defendant's contention, escape from custody imposed as a result of a conviction of a felony (ORS 162.155(1)(b)) and escape from a correctional facility (ORS 162.155(1)(c)) are not necessarily mutually exclusive. Under the facts of this case, the defendant could as well have been charged and convicted of escape from a correctional facility.[3]

■     The defendant's second assignment of error is that the trial court erred in failing to instruct the jury on the lesser included offense of escape in the third degree, ORS 162.145, which provides:

"(1)   A person commits the crime of escape in the third degree if he escapes from custody.

"* * * * *.

"(3)   Escape in the third degree is a Class A misdemeanor."

He contends that the jury should have been instructed on the "lesser included offense" of escape in the third degree because there was a question of fact whether he was in custody "as a result of" a felony conviction. ORS 162.155(1)(b). Escape from custody, without more, supports a conviction only under ORS 162.145, escape in the third degree.

The statute governing lesser included offenses is ORS 136.465, which provides:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime."

A similar statute, ORS 136.460, permits a jury to acquit a defendant of the degree of the crime charged in the accusatory instrument and convict the defendant of any inferior degree of the crime or of an attempt to commit the crime. This section provides:

---

[3] *See State v. Hutcheson,* 251 Or 589, 447 P2d 92 (1968), which held that a prisoner sentenced to the Oregon State Correctional Institution who escapes from a work release program is in the constructive custody of the institution.

"Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof."

Both statutes were part of the original Deady Code of 1864. Deady, Crim. Code ch 17, §§ 163-164 (1864). The sections were not amended until 1973, when the legislature adopted the suggestion of the Criminal Law Revision Commission that the sections should not be limited to instances where the crime is charged by indictment, but that they should also be applied when the crime is charged by information or complaint. Or Laws 1973, ch 836, §§ 243, 244. *See* Criminal Law Revision Commission, Proposed Oregon Criminal Procedure Code, Final Draft and Report §§ 368-369 (Commentary) (1972); *Id.,* § 367 (Commentary).

We have twice previously construed ORS 136.465 to require the trial court to instruct on lesser included offenses only when the evidence, or inferences to be drawn from the evidence, is sufficient to permit the jury to find the defendant guilty of the lesser offense and innocent of the greater. In *State v. Williams,* 270 Or 152, 526 P2d 1384 (1974), the defendant was indicted for burglary in the first degree. The trial court denied the defendant's requested instruction on the lesser included offense of criminal trespass, and the defendant appealed. Both the Court of Appeals and this court affirmed the conviction. We stated:

"* * * The question here presented is the same as in all cases, civil or criminal—is there evidence, or possible inferences to be drawn from the evidence, sufficient to require submission of the charge to the jury? If the evidence is insufficient, then the court does not submit the charge to the jury for its consideration. The same rule of evidence should apply when the trial court is instructing the jury on lesser included offenses." 270 Or at 158.

Over dissents by Chief Justice O'Connell and Justice Holman, this court adopted the rule followed by the majority of state and federal courts: "* * * The trial judge must instruct on lesser included offenses only when justified by the evidence or inferences to be drawn from the evidence." 270 Or at 154. We rejected the argument that instructions on lesser offenses are always required because a jury in a criminal case is entitled to accept or reject the state's evidence, in whole or in part.

> "* * * While there is nothing to prevent a jury, as the trier of facts, from rejecting the prosecution's case in full and finding the defendant not guilty, this does not justify instructions on unsupported lesser included offenses. 'The lesser-included offense charge is not required simply because the jury could exercise its power of acquitting on the greater charge for no reason at all * * *. There must be a rational basis for its doing so.' United States v. Markis, supra at 867." 270 Or at 157.

In *State v. Washington,* 273 Or 829, 543 P2d 1058 (1975), we affirmed the defendant's conviction of burglary in the first degree against defendant's challenge that the trial court erred in refusing to instruct the jury on the crime of theft in the second degree by receiving. The court concluded that either the state or the defendant has a right to request instructions on lesser included offenses, with certain limitations. We stated:

> "The single limitation on the right of either the prosecution or the defendant to request lesser included offense instructions under these statutes is that there must be evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater. *See State v. Williams,* 270 Or 152, 526 P2d 1384 (1974), and cases cited therein." (Footnote omitted.) 273 Or at 836.

The dissenting opinion in the case at bar asserts that the application of ORS 136.460 requires a

different standard in instructing the jury than that enunciated in *Williams* and *Washington.* Our earlier cases demonstrate that we have applied the same standard where inferior degree offenses or attempts have been involved.

In *State v. Duffy,* 135 Or 290, 295 P 953 (1931), the defendant excepted to the trial court's failure to instruct the jury on the subject of an attempt to commit the crime charged in the indictment. The court rejected the defendant's contention that this was error, stating:

> "* * * If the defendant's testimony was true he was neither guilty of the crime mentioned in the indictment nor of an attempt to commit it; if the state's testimony was true he was guilty of the former crime: *State v. Wilson,* 127 Or. 294 (172 P. 742). We find it difficult to understand of what lesser crime the jury could have convicted Knox without doing violence to the facts. *It is evident that error cannot be predicated upon the omission of the trial judge to instruct as to a lesser grade of the offenses charged when the evidence does not warrant a reduction of the offense to the lesser grade.* Blashfield's Instructions to Juries (2d Ed.), § 408. Ordinarily it is not error for the court to omit an instruction upon the lesser crime included within the greater where the defendant has failed to request an instruction upon the same: Randall's Instructions to Juries, § 315; 16 C. J., Criminal Law, § 2451, p. 1024. *State v. Reyner,* 50 Or. 224 (91 P. 301). It is our opinion that under the circumstances the circuit court's failure to instruct upon the subject of an attempt to commit the crime of operating a still and the character of proof applicable thereto did not constitute an error." 135 Or at 308-309. (Emphasis added.)

The statute governing the power of the jury to acquit the defendant of the crime charged and to convict of an inferior degree of the crime charged *or of an attempt* was OC § 13-946 (1930). This statute, identical to ORS 136.460 prior to the 1973 amendment, was not cited by the court in *Duffy.* The court, in

*Duffy,* considered and rejected the defendant's claim that he was entitled to an instruction on attempt even in the absence of evidence to support the instruction.

Similarly, in *State v. Wilson,* 182 Or 681, 189 P2d 403 (1948), this court faced a defendant's challenge to the trial court's failure to instruct the jury as to the different degrees of homicide under Oregon law. The court set out OCLA § 26-947 (now ORS 136.460) and OCLA § 26-948 (now ORS 136.465) and then stated the rule as follows:

> "It is a well-established rule that the court, when requested by defendant, must in its instructions cover every degree of homicide included in the indictment *where the evidence and circumstances are such that different inferences or conclusions may properly be drawn therefrom as to the degree.* And where the evidence is sufficient to raise a doubt, however slight, as to whether the homicide is one of two or more degrees, the court must charge on all such degrees. * * *" 182 Or at 684. (Emphasis added.)

The court then determined that on the facts of the case, there was some evidence to support a verdict of either second degree murder or manslaughter, and that it was therefore error for the court to fail to so instruct the jury.

The rule set out by the court in both cases is in accord with that enunciated in *Williams* and *Washington:* if there is evidence from which the jury could find the defendant guilty of the inferior degree or of an attempt and not guilty of the higher degree, then the jury must be instructed on the inferior degree offense. *Cf. Annot.,* 21 ALR 603 (1922); *Annot.,* 27 ALR 1097 (1923); *Annot.,* 102 ALR 1019 (1936) (the rule applied in homicide cases). In 4 Wharton's Criminal Procedure § 545 (1976), the author states the rule as follows:

> "If the evidence is such that the defendant could be convicted of a lesser degree of the offense charged or of a lesser included offense, the trial judge is

> required to instruct the jury on all the degrees of the offense or all the included offenses of which the evidence is susceptible. * * *.
>
> "If it is clear from the evidence that the defendant could not be convicted of a lesser offense, i.e., the defendant is either guilty of the greater offense or of no offense at all, the lesser-offense instruction should not be given. * * *" (Footnote omitted.)

ORS 136.465 and ORS 136.460 have existed, essentially in their present form, since 1864. The predecessor of ORS 136.460 was construed in *State v. Wilson, supra.* We have consistently construed both statutes to require that, before a "lesser-included" instruction or "inferior-degree instruction" can be given, there must be evidence which supports the requested instruction so that the jury could rationally find the defendant guilty of the lesser or inferior offense.

The commentary to the Proposed Criminal Code indicates that the Criminal Law Revision Commission based the grading of the escape offenses upon the risk to others created by the escape. Criminal Law Revision Commission, Proposed Oregon Criminal Code, Final Draft and Report §§ 190-192, 194-195 (1970). The Commission stated:

> "* * * Factors that raise the offense to second degree escape represent additional risk-producing elements:
>
> "* * * * *.
>
> "(2) A person convicted of a felony is more apt to create harmful social consequences by escape. A convicted felon may have more incentive to escape and, therefore, a stronger deterrent is required."

The clear purpose for distinguishing between escape from custody only (third degree escape) and escape from custody imposed pursuant to a felony conviction (second degree escape) was to deter, by means of a potentially greater punishment, escapes by convicted felons.

■ The evidence was uncontradicted that the defendant had been convicted of a felony (first degree robbery) and sentenced to a 20-year term in the custody of the Corrections Division. The order directing the defendant's transfer to the courthouse explicitly set forth the reasons for the transfer. It recited (1) that the defendant was "in custody of the Superintendent [of the penitentiary] by virtue of a lawful commitment"; (2) that it was necessary that he appear before the court; and (3) that, therefore, he should be delivered to the Sheriff of Marion County for transport to the courthouse.

While the uncontradicted evidence introduced by the state was that the defendant was in custody on a felony charge, the defendant contends that the jury could disregard that part of the evidence that it was a felony charge and thus find defendant was in custody for some other cause. He would therefore be guilty only of the lesser offense, escape from custody. We rejected a similar argument in *State v. Williams,* 270 Or 152, 526 P2d 1384 (1974).

It is correct that the jury could disregard the uncontradicted evidence that the defendant was in custody as a result of a felony conviction, irrational as such a result might be  However, the trial court has no obligation to assist the jury in reaching an irrational result by instructing them, in effect, that they can disregard the evidence that the defendant was in custody on a felony charge and find that he was in custody for some other reason, and therefore guilty only of third-degree escape.

We conclude that the jury could not rationally or consistently have found the defendant guilty of the lesser offense and innocent of the greater. The trial court did not err in refusing to instruct the jury on the lesser offense.

We have carefully considered the other assignments of error, but they need not be discussed here.

The material facts giving rise to this criminal proceeding are without dispute, and the evidence of the defendant's guilt is overwhelming and beyond doubt. We do not believe that the other claimed errors prejudiced the defendant in any way.

Affirmed.

**LENT, J.,** dissenting in part.

I dissent from that part of the majority opinion finding no error in the trial court's refusal to instruct upon the crime of Escape in the Third Degree.

The majority correctly states that ORS 136.465 is the statute governing lesser included offenses and then asserts that ORS 136.460 is a "similar" statute. Those statutes read as follows:

"Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof." ORS 136.460.

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime." ORS 136.465.

I disagree that ORS 136.460 is a "similar" statute. By its very terms ORS 136.460 is not concerned with lesser *included* offenses.

The majority discusses *State v. Williams,* 270 Or 152, 526 P2d 1384 (1974); *State v. Washington,* 273 Or 829, 543 P2d 1058 (1975); and *State v. Duffy,* 135 Or 290, 295 P 953 (1931). I submit that none of those cases was concerned with ORS 136.460. In *Williams* the defendant was charged with Burglary in the First Degree and complained of the refusal of the trial court to instruct upon Criminal Trespass in the First Degree. This court's opinion is completely devoid of any

mention of ORS 136.460 (then numbered ORS 136.650). The opinion was confined to application of ORS 136.465 (then numbered ORS 136.660).

Likewise, in *Washington* the defendant was charged with Burglary in the First Degree and complained of the trial court's refusal to instruct upon the crime of Theft in the Second Degree. In *Washington* the court does mention, in passing, ORS 136.460 but the case was not concerned with application of that statute, and the discussion of the case was in terms of the provisions of ORS 136.465.

There is nothing in *Duffy* to indicate this court was dealing with "a crime consisting of different degrees." As a matter of fact the crime there charged was not a crime consisting of different degrees; therefore, there was no situation calling for the application of ORS 136.460. In *Duffy* the defendant complained of the failure to instruct upon the offense of an attempt to commit the crime actually charged. There was no reason to discuss Section 13-946, Oregon Code 1930 (the then version of ORS 136.460), and the court did not discuss that statute at all. Anything the court might have said concerning that statute would have been dictum. As a matter of fact, the defendant had not requested that the trial court instruct on "any lesser grades" of the crime charged. *Duffy* has nothing to do with the statute in question. *Duffy* was concerned only with whether the court, on its own volition, should have instructed upon the crime of "attempt" to commit the crime charged.

The majority then turns to *State v. Wilson,* 182 Or 681, 189 P2d 403 (1948). In that case the defendant was indicted for murder in the first degree under the felony-murder statute and complained upon appeal of the refusal of the trial court to instruct "as to the degrees of homicide under the statutes of Oregon." It is true that the court mentions both § 26-947,

O.C.L.A. (now ORS 136.460) and § 26-948, O.C.L.A. (now ORS 136.465) in discussing that assignment of error; however, the court, just as does the majority here, fails to recognize that the two sections deal with different concepts. Moreover, the opinion is tied up with matters peculiar to the fact that the crime charged was not "classical" murder in the first degree, i.e., an intentional homicide committed with premeditation and deliberation and with malice aforethought. Rather, the successful prosecution of the charge of first degree murder depended upon a showing that the homicide was committed while defendant was attempting robbery of the victim. There is nothing to indicate that the court was concerned with an analysis of the *very language of the statute.* Instead the court flung itself into a discussion of case law with no attempt to inform the reader whether the cases dealt with statutes having the same language as does ORS 136.460.

The terms of ORS 136.460 are relatively clear. The legislature has made a policy decision that where a defendant is charged with a crime consisting of different degrees, the jury is empowered to find him not guilty of the degree charged and guilty of any inferior degree. Here defendant was charged with Escape in the Second Degree and asked that the jury be allowed to consider whether he was not guilty of that charge and guilty of Escape in the Third Degree and thereby exercise the power legislatively granted. The majority analyzes his claim of error as if he sought an instruction on a lesser included offense. That analysis is simply not in point. Defendant was entitled to have the jury instructed as he requested.

I dissent from that portion of the opinion.