Argued and submitted December 15, 2014, conviction for escape in the second degree reversed and remanded for entry of a judgment of conviction for third-degree escape and for resentencing, otherwise affirmed March 18, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE WILLIAM PATTERSON,
*Defendant-Appellant.*

Deschutes County Circuit Court
12FE1187; A154005

346 P3d 614

Kristin A. Carveth, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Matthew J. Lysne, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Lagesen, Presiding Judge, and Flynn, Judge, and De Muniz, Senior Judge.

FLYNN, J.

**FLYNN, J.**

Defendant appeals from a judgment convicting him of escape in the second degree under ORS 162.155(1)(b), a crime that requires an escape from custody "imposed as a result" of a felony conviction. Defendant contends that the custody from which he escaped—an attempted arrest pursuant to an order suspending his post-prison supervision (PPS)—was not custody "imposed as a result" of his felony convictions within the meaning of ORS 162.155(1)(b). Defendant, thus, assigns error to the trial court's denial of his motion for judgment of acquittal on the crime of second-degree escape and seeks remand for entry of a judgment of conviction on the lesser-included offense of third-degree escape.

The state counters that the connection to a felony conviction necessary for second-degree escape is met because defendant's term of PPS, suspension of which prompted the arrest, was part of his sentence for felony convictions. We conclude that, when the legislature classified escape from custody "imposed as a result" of a felony conviction as second-degree escape, ORS 162.155(1)(b), it did not intend the phrase to include new periods of custody arising after the person has served his or her sentence of incarceration for the felony and has been released from that custody. Accordingly, we reverse.

We review the denial of a motion for judgment of acquittal to determine whether, viewing the facts in the light most favorable to the state, a rational trier of fact could have found defendant guilty beyond a reasonable doubt. *State v. Clemente-Perez*, 261 Or App 146, 148, 322 P3d 1082, *rev allowed*, 356 Or 397 (2014) (citing *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995)). In this case, the relevant facts are not in dispute. Defendant has prior convictions for felonies, for which he was sentenced to the custody of the Department of Corrections for incarceration to be followed by periods of PPS. As pertinent to this appeal, defendant completed his term of incarceration and was released to PPS in April 2011. On October 11, 2012, the State Board of Parole and Post-Prison Supervision (the board) issued an Order of

Supervision Suspension and Detention directing "any sheriff, peace officer, parole officer, or corrections officer" to take defendant into custody.[1] Pursuant to that order, a Deschutes County Sheriff's deputy initiated a traffic stop of defendant's car. Defendant's vehicle sped away, and defendant was eventually apprehended after a pursuit that included a high-speed car chase, spike strips used to slow defendant's car, and defendant then fleeing on foot while the deputy ran after him yelling "Stop. Police. You're under arrest." Defendant was charged with two counts of "fleeing or attempting to elude a police officer," to which he pleaded guilty. He was also charged with one count of escape in the second degree, ORS 162.155(1)(b), which was tried to the court and is the subject of this appeal.

Defendant's conviction under ORS 162.155(1)(b) required the state to prove that defendant, "[h]aving been convicted or found guilty of a felony, * * * escape[d] from custody imposed as a result thereof." Defendant accepts that the state proved that he escaped from custody,[2] but he disputes that this custody was "imposed as a result" of his felony convictions. Defendant reasons that, once a person serves his sentence of incarceration for a felony conviction and is released from custody, any new custody is not "imposed as a result" of the prior felony conviction.

The appeal, thus, turns on what the legislature meant by custody "imposed as a result" of a felony conviction. We determine that question of legislative intent through the methodology articulated in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), considering the pertinent statutory text and context as well as any legislative history that "appears useful to the court's analysis."

The Supreme Court has previously construed the key phrase of ORS 162.155(1)(b) in a way that both parties read as supporting their interpretations of the pertinent

---

[1] The record does not identify the reason for the suspension order, but the parties describe it as either a violation or alleged violation of a condition of defendant's PPS. The distinction is not material to our analysis.

[2] *See* ORS 162.135(4) (defining "custody," as used in ORS 162.155, to mean "the imposition of actual or constructive restraint by a peace officer pursuant to an arrest or court order").

statutory text, so we begin by examining that case. In *State v. Palaia*, 289 Or 463, 465-66, 614 P2d 1120 (1980), the defendant was serving a 20-year sentence in the custody of the Corrections Division and escaped during transport between the Oregon State Penitentiary and the Marion County Courthouse, where he made a court appearance. He argued that he could not be convicted for escaping from custody imposed as a result of a felony because the order placing him in custody of the transport officer did not specify that the custody was the result of his felony conviction. 289 Or at 467. The Supreme Court readily rejected that argument. *Id.* at 468. It construed the phrase "as a result thereof," as used in ORS 162.155(1)(b),

> "to apply to the numerous situations in which a felon is in actual or constructive restraint of a peace officer and not within a correctional facility[3] (a) following a finding of guilt and an order remanding defendant to the custody of a law enforcement person or agency, or (b) following commitment of defendant by court order to a correctional facility after a judgment of conviction."

*Id.* The court affirmed the conviction of the defendant in *Palaia* because he had escaped from custody that followed his commitment to the correctional facility to serve a felony sentence. *Id.*

According to the state, the quoted passage from *Palaia* means that defendant's escape from custody "following" his commitment to the correctional facility is escape in the second degree. The court in *Palaia*, however, was not addressing the issue on which this appeal turns, because the defendant in *Palaia* was undisputedly "in custody on a felony charge"; he was still serving his 20-year sentence of incarceration and just temporarily in custody outside of the correctional facility. *Id.* at 475. Unlike the defendant in *Palaia,* defendant here had served his sentence of incarceration and had been released from the custody imposed as a *direct* result of his felony convictions. The court in *Palaia* was not called upon to decide whether the legislature intended escape in the second degree to encompass escape from all

---

[3] Escape from a correctional facility is separately addressed as escape in the second degree under ORS 162.155(1)(c).

future episodes of custody bearing some connection to the prior felony conviction.[4]

Significantly, *Palaia* emphasizes that the purpose of the disputed phrase "imposed as a result thereof" was

"to make clear that this subsection was not intended to apply either to the escape of a person presently charged with a misdemeanor or felony, or to the escape of one convicted of a misdemeanor, *who had previously been convicted of a felony, been sentenced[,] and released from custody on that charge.*"

289 Or at 468 (citing Minutes, Criminal Law Revision Commission, Mar 18, 1979, 19 (emphasis added)). The emphasized wording lends support to defendant's argument that he did not escape from custody "imposed as a result" of his prior felony convictions because he had been "released from custody" on those charges. As defendant acknowledges, however, the court in *Palaia* was not confronted with the issue that is dispositive here—whether the legislature intended ORS 162.155(1)(b) to apply to an escape from new custody that follows the release from incarceration for the felony conviction but is somehow related to that felony conviction.

The context of ORS 162.155(1)(b), however, demonstrates that this was not the legislature's intent. ORS 162.155 was enacted as part of the 1971 comprehensive revision of the criminal code. Oregon Laws 1971, ch 743, § 191. As part of that revision, the legislature compiled and classified various forms of escape from custody into the crimes of first-degree, second-degree, and third-degree escape. ORS 162.145 classifies an escape from custody, generically, as escape in the third degree, a Class A misdemeanor. ORS 162.155 classifies certain more serious escape situations as escape in the second degree, a Class C felony. In addition to escape "from custody imposed as a result" of a felony, the type of escape charged here, escape in the second degree

---

[4] In addition to the PPS-related custody at issue here, examples of future custody that bear a connection to the prior felony conviction include custody for the misdemeanor crime of "felon in possession of a restricted weapon," which depends upon a prior felony conviction, ORS 166.270(2), or incarceration on a misdemeanor conviction when the trial court's decision to impose jail time has been influenced by the defendant's criminal history.

includes situations in which the person "uses or threatens to use physical force," ORS 162.155(1)(a); "escapes from a correctional facility," ORS 162.155(1)(c); or "[w]hile under the jurisdiction of the Psychiatric Security Review Board or under the jurisdiction of the Oregon Health Authority * * * departs, is absent from or fails to return to this state without authorization * * *," ORS 162.155(1)(d). Finally, the 1971 revisions classified as the most serious level of escape—escape in the first degree and a Class B felony—those situations in which the person either "uses or threatens to use physical force" while "[a]ided by another person actually present" or "uses or threatens to use a dangerous or deadly weapon." ORS 162.165.

As explained in the commentary to the revisions passed in 1971:

> "The proposed grading scheme takes as its basic rationale the *risk to others* created by the escape. The least risk is presented by persons charged with a misdemeanor or felony who escape from custody prior to incarceration and without resort to force or a deadly weapon. Factors that raise the offense to second degree escape represent additional risk-producing elements:

> "(1) Escape from a correctional facility evidences increased planning and premeditation. Such conduct threatens the security of correctional facilities by increasing the risk of escapes by other inmates.

> "(2) A person convicted of a felony is more apt to create harmful social consequences by escape. A convicted felon may have more incentive to escape and, therefore, a stronger deterrent is required.

> "(3) The use of force in escapes obviously increases the hazards imposed on those obligated to resist such conduct."

Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 192, 194-95 (July 1970) (emphasis in original).

An examination of the nature of the custody imposed on defendant demonstrates why it falls on the lowest level of the legislature's "grading scheme" for crimes of escape. Defendant was arrested pursuant to an Order of Suspension

issued by the board. The board is authorized to issue a suspension order "upon being informed and having reasonable grounds to believe" that the supervised person has violated a condition of PPS. ORS 144.331(1). Such an order from the board is, itself, "sufficient warrant for any law enforcement officer to take into custody such person." *Id.*[5]

Although the record, contains no information about the nature of the PPS condition defendant violated (or allegedly violated), the typical conditions of PPS include requirements as basic as paying fines and restitution, maintaining gainful employment, and reporting "as required" to a supervising officer. ORS 144.102; OAR ch 255, ex J. Violations of those or other conditions of PPS are punished by a "continuum of administrative sanctions" that can range from imposition of additional supervision conditions to, in general, a maximum sanction of no more than or 90 days incarceration (or 180 days if the conduct constitutes a new crime). ORS 144.106; OAR 255-075-0079. As we recently explained in the analogous context of sanctions for violating the terms of probation, the purpose of the sanction "is to punish the conduct constituting the probation violation, not to punish the crimes of conviction." *State v. Lane*, 260 Or App 549, 554, 318 P3d 750, *rev allowed*, 355 Or 317 (2014). Thus, in terms of both risk to society and incentive to flee, a person who has completed the term of incarceration imposed for a felony conviction and is thereafter arrested on allegations of violating a condition of PPS is virtually indistinguishable from a person who has a prior felony conviction and is arrested on allegations of committing a new misdemeanor. Nothing in the legislative history or the tripartite framework the legislature has created for the crime of escape suggests an intent to classify the former escape as more severe than the latter. We agree with defendant that the escape at issue here—from custody imposed as a result of a PPS violation after he served his sentence of incarceration—is not an escape from custody imposed as a result of his felony conviction. The trial court should have granted his motion for judgment of acquittal on the charge of escape in the second

---

[5] The order cites both ORS 144.331 and ORS 144.340. ORS 144.340 addresses the authority of the Department of Corrections to take custody of persons "whenever they have violated" the terms of PPS.

degree and, instead, convicted him of the lesser-included offense of escape in the third degree.

Conviction for escape in the second degree reversed and remanded for entry of a judgment of conviction for third-degree escape and for resentencing; otherwise affirmed.