Argued and submitted February 28; reversed and remanded for entry of
judgment of acquittal on Count 1 and judgment of conviction on Count 2, and for
resentencing April 19, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LACY RENEE GIRARD,
aka Lacy Girard,
*Defendant-Appellant.*

Douglas County Circuit Court
15CR44876; A161121

395 P3d 645

George W. Kelly argued the cause and filed the brief for
appellant.

Nathan Riemersma, Assistant Attorney General, argued
the cause for respondent. On the brief were Ellen F.
Rosenblum, Attorney General, Benjamin Gutman, Solicitor
General, and Shannon T. Reel, Assistant Attorney General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

## LAGESEN, J.

Defendant appeals from a judgment of conviction for second-degree escape, ORS 162.155.[1] The trial court entered that judgment after finding defendant guilty as charged on two counts of second-degree escape, which the court determined should merge. She assigns error to the trial court's denial of her request for entry of judgment of acquittal as to each count, contending that, when ORS 162.155 is correctly construed, the evidence is not sufficient to sustain her conviction. For the following reasons, we conclude that defendant was entitled to entry of a judgment of acquittal as to Count 1, but that the trial court correctly denied defendant's motion as to Count 2. *See State v. Link*, 346 Or 187, 198-203, 208 P3d 936 (2009) (holding that, because a defendant has a cognizable interest in being acquitted on any count on which the defendant legally is entitled to an acquittal, a trial court's erroneous denial of a motion for judgment of acquittal on a particular count is not harmless and constitutes reversible error, even where the guilty verdict on the count was merged with guilty verdicts on other counts on which the defendant was not entitled to acquittal).

Defendant's challenges to the trial court's denial of her request for judgment of acquittal turn on questions of statutory construction. We therefore review for legal error. *State v. Hunt*, 270 Or App 206, 210, 346 P3d 1285 (2015).

The pertinent facts are not disputed. While on probation, defendant appeared for a proceeding in drug court in a courtroom on the third floor of the Douglas County Courthouse. At the proceeding, defendant's probation officer

---

[1] ORS 162.155 provides:

"(1) A person commits the crime of escape in the second degree if:

"(a) The person uses or threatens to use physical force escaping from custody; or

"(b) Having been convicted or found guilty of a felony, the person escapes from custody imposed as a result thereof; or

"(c) The person escapes from a correctional facility; or

"(d) While under the jurisdiction of the Psychiatric Security Review Board or under the jurisdiction of the Oregon Health Authority under ORS 161.315 to 161.351, the person departs, is absent from or fails to return to this state without authorization of the board.

"(2) Escape in the second degree is a Class C felony."

alerted the court that defendant was alleged to have violated the terms of her probation. The probation officer requested that the court remand defendant into custody to be detained pending a subsequent hearing to address the alleged probation violations. The court granted that request and remanded defendant into custody. The probation officer could have taken defendant to jail herself but decided to ask the court clerk to summon the third-floor deputy to do so. While the court clerk contacted the deputy, the probation officer directed defendant to sit in a chair. Defendant fled instead. She ran past the third-floor deputy, who was at his security station on the phone with the clerk, and departed the courthouse by jumping off of a third floor balcony.

For that conduct, defendant was charged with two counts of second-degree escape, ORS 162.155. Count 1 alleged that defendant committed the crime by, having been convicted of a felony, "escap[ing] from custody imposed as a result thereof." ORS 162.155(1)(b). Count 2 alleged that defendant committed the crime by the alternative means of "escap[ing] from a correctional facility." ORS 162.155(1)(c). Following a bench trial, the trial court found defendant guilty as charged, rejecting defendant's argument that, when ORS 162.155 is correctly construed, the evidence was insufficient to convict her on either theory of second-degree escape alleged in the indictment. The trial court concluded that its verdict on Count 2 merged with its verdict on Count 1 and entered judgment on a single conviction of second-degree escape. The court sentenced defendant to 30 months' incarceration for that conviction.

Defendant appeals, assigning error to the trial court's determination that she was not entitled to a judgment of acquittal on both counts. With respect to Count 1, she argues that she was entitled to a judgment of acquittal because she escaped from custody imposed in connection with alleged probation violations and, therefore, did not escape from custody "imposed as a result" of a felony conviction for purposes of ORS 162.155(1)(b). As to Count 2, she argues that she escaped from a courtroom and, consequently, did not escape from a "correctional facility" within the meaning of ORS 162.155(1)(c).

We agree with defendant's argument as to Count 1. As noted, to be found guilty on that count, the state had to prove that defendant escaped from custody "imposed as a result of" a felony conviction. ORS 162.155(1)(b). Defendant points out that the custody she escaped from, as a factual matter, resulted from "a claimed violation of her probation," and not from a felony conviction. Thus, defendant reasons, the state did not prove that defendant escaped from custody imposed as a result of felony conviction. The state notes in response that, if defendant's probation were to be revoked, she would have been subject to a 22-month sentence upon revocation of her probation for the felony conviction that precipitated that sentence of probation. Because that potential revocation sentence was hanging over defendant's head, the state urges us to conclude that the custody from which defendant escaped was imposed as a result of a felony conviction.

The state's argument might have merit if, at the time defendant escaped from custody, the court had revoked her probation and ordered defendant to serve a 22-month revocation sentence. We do not address that question because, at the time she escaped, those events had not transpired. Rather, defendant simply was detained in connection with alleged probation violations; whether defendant committed those alleged probation violations and, if so, whether her probation should be revoked, remained to be determined at a future hearing, within 14 days of defendant's detention. *See generally* ORS 137.545 (outlining procedure to address violations of conditions of probation). And if a hearing was not held within 14 days, defendant would be entitled to release from detention, unless the state showed good cause for her continued detention. ORS 137.545(6). Under those circumstances, the custody from which defendant escaped is akin to that of a person detained pretrial on criminal charges, rather than custody imposed as the result of a conviction. And the legislative history of the escape statutes suggests that the legislature intended that persons who escaped from that type of custody would be guilty of, at most, third-degree escape,[2] not second-degree escape (provided that the escape did not involve the threatened use of force or involve flight

---

[2] A person commits the crime of third-degree escape "if the person escapes from custody." ORS 162.145.

from a correctional facility). That commentary explains that the grading of the escape offenses was based on the legislature's assessment of the risk associated with the escape and that, in the legislature's view "[t]he least risk is presented by persons charged with a misdemeanor or felony who escape from custody prior to incarceration and without resort to force or a deadly weapon." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 192, 194 (July 1970); *see State v. Patterson*, 269 Or App 885, 890-91, 346 P3d 614 (2015) (discussing legislative history of the escape statutes).

Although the state is correct that defendant faced a potentially lengthy term of incarceration if she subsequently was found to have violated the terms of her probation, anyone charged with a serious crime faces the same circumstances. Yet the legislature indicated its intention that such persons who flee from custody (absent the use of force or flight from a correctional facility) would be guilty only of third-degree escape. Absent a more explicit indication from the legislature that it intended to treat those persons in custody for suspected probation violations differently from those persons in custody for suspected crimes, we conclude that a person in custody for a suspected probation violation is not in custody "imposed as a result" of a felony conviction for purposes of ORS 162.155. The trial court therefore erred in denying defendant's request for entry of a judgment of acquittal on second-degree escape as charged in Count 1.

We reach a different conclusion with respect to Count 2. Defendant's argument with respect to Count 2 is foreclosed by the Supreme Court's decision in *State v. Lane*, 341 Or 433, 144 P3d 927 (2006). There, the court held that, when a trial court remands a defendant into custody, the court "effectively establishe[s] the courtroom as a correctional facility for purposes of ORS 162.155(1)(c)." *Id.* at 439. Thus, a defendant who flees a courtroom under such circumstances "escapes from a correctional facility" within the meaning of ORS 162.155(1)(c). *Id.* Although defendant is correct that the court in *Lane* noted that the presence of a deputy in the courtroom "remove[d] the issue from doubt" as to whether the defendant had escaped from a correctional facility by fleeing a courtroom, *id.* at 440, we do

not understand the court to have held that the absence of a deputy in the courtroom, as a matter of law, means that the courtroom does not become a "correctional facility" when a trial court remands a defendant into custody. And, as a practical matter, defendant's situation is not distinguishable from that of the defendant in *Lane* in any meaningful way. The deputy in this case was present near the courtroom, and defendant's probation officer, who also had the authority to arrest defendant and take her to jail, was present in the courtroom. Under those circumstances, *Lane* controls. Just as with the defendant in *Lane*, when defendant ran from the courtroom after being remanded into custody, she escaped from a correctional facility, in violation of ORS 162.155(1)(c).

Reversed and remanded for entry of judgment of acquittal on Count 1 and judgment of conviction on Count 2, and for resentencing.