Argued August 19, reversed and remanded September 27, 1976, petition
for review denied February 1, 1977

STATE OF OREGON, *Respondent,*

*v.*

WADE BENJAMIN NOBLE, *Appellant.*

(No. CC76-14, CA 6141)

554 P2d 533

*Paul J. De Muniz,* Deputy Public Defender, Salem,

argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Freeman Tate,* Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

## LEE, J.

Defendant appeals his conviction of robbery in the first degree, ORS 164.415,[1] contending error in the failure to give two requested instructions.

The state's evidence showed that the defendant threatened the victim with a knife while the defendant and others took part of the victim's possessions. Defendant's evidence revealed no use or threats of force to take any of the victim's property (although defendant did disarm the victim of a knife he was brandishing). There was also evidence that defendant took less than $200 worth of items from the victim.

The defendant and three other people consumed three pitchers of beer within about three hours before the alleged robbery. A witness testified that shortly before the robbery the defendant was drinking more beer. The arresting officer testified that he thought the defendant had been drinking but was not intoxicated; the arrest took place within about an hour of the alleged robbery. The defendant requested instructions on the lesser included offense of second degree theft,

---

[1] ORS 164.415 provides:

"(1) A person commits the crime of robbery in the first degree if he violates ORS 164.395 and he:

"(a) Is armed with a deadly weapon; or

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person.

"(2) Robbery in the first degree is a Class A felony."

ORS 164.395 provides:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or *threatens* the immediate use of *physical force* upon another person with the intent of:

"(a) Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft.

"(2) Robbery in the third degree is a Class C felony." (Emphasis supplied.)

ORS 164.045,[2] and voluntary intoxication.[3] The defendant did not testify.

The state's contention is that the defendant waived his objection to the court's failure to give the requested instructions in the following colloquy between court and counsel:

"THE COURT: We'll hear exceptions to the instructions.

"MR. DOONEY: Defendant has no exceptions, Your Honor, to the *instructions as given.*" (Emphasis supplied.)

While counsel stated he had no exceptions to the instructions which were *given,* he did not state that he had no objection to the court's failure to give his requested instructions. It is not necessary to take exception to the court's failure to give requested

_____

[2] ORS 164.045 provides:

"(1) A person commits the crime of theft in the second degree if, by other than extortion, he:

"(a) Commits theft as defined in ORS 164.015; and

"(b) The total value of the property in a single or aggregate transaction is under $200.

"(2) Theft in the second degree is a Class A misdemeanor."

ORS 164.015 provides:

"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof; or

"(2) Commits theft of property lost, mislaid or delivered by mistake as provided in ORS 164.065; or

"(3) Commits theft by extortion as provided in ORS 164.075; or

"(4) Commits theft by deception as provided in ORS 164.085; or

"(5) Commits theft by receiving as provided in ORS 164.095."

[3] Oregon State Bar, Uniform Jury Instructions, Criminal, Instruction No. 403.03 states:

"The issue of voluntary intoxication has been raised.

"Voluntary intoxication, whether by alcohol, drugs, or other substance, is not a defense to a criminal charge. No act of a defendant committed in a state of voluntary intoxication is less criminal because of his condition if that condition merely made him do things he would not do otherwise.

"However, you may consider evidence of voluntary intoxication in determining any material element of the crime charged."

[ 924 ]

instructions. *Ira v. Columbia Food Co. et al,* 226 Or 566, 573, 360 P2d 622 (1961).

Accordingly, we consider whether the court's failure to instruct on the lesser included offense of second degree theft was error. Since there was evidence that (1) the value of the items taken was less than $200 and (2) defendant did not use or threaten force to obtain any of the victim's property, the requested instruction concerning that lesser included offense should have been given. An offense which is necessarily included in either (1) the statute defining the offense charged, or (2) the accusatory instrument, must be incorporated into the instructions when there is evidence to support it. *State v. Washington,* 75 Adv Sh 4378, 273 Or 829, 543 P2d 1058 (1975). *See also* 23A CJS 923, Criminal Law § 1337 (1961).

The defendant's second assignment of error, refusal to give the requested instruction on voluntary intoxication, does not constitute ground for reversal because there was insufficient showing of intoxication. *See State v. Braley,* 224 Or 1, 355 P2d 467 (1960).

Reversed and remanded for new trial.