STATE OF OREGON, *Plaintiff-Respondent,*
*v.*
ANICLETO HUMBERTO GARZA,
*Defendant-Appellant.*
(TC 75-5801, CA 8562)

Gary D. Babcock, Public Defender, Salem, and Gary L. Hooper, Deputy Public Defender, Salem, for petition.

No appearance contra.

Lent, J., dissenting.

[ 1 ]

**LENT, J.,** dissenting.

Insofar as I can ascertain, this is the first instance of written dissent from a decision of this court with respect to denial or allowance of a petition for review of a decision of the Court of Appeals; therefore, I do not take this step lightly. The publication of dissenting opinions is not at all uncommon in the Supreme Court of the United States where members of that court disagree with the denial of certiorari or the dismissal of an appeal. By way of example only, *see: Colorado Springs Amusements, Ltd., T/A Velvet Touch, et al. v. Rizzo, Mayor of Philadelphia, et al.,* denying certiorari (Mr. Justice Brennan dissenting), 428 US 913 (1976); *Estelle, Corrections Director, et al. v. Justice, U.S. District Judge, et al.,* denying certiorari (Mr. Justice Rehnquist, joined by the Chief Justice and Mr. Justice Powell, dissenting), 426 US 925 (1976); *Film Follies, Inc. v. Haas, District Attorney of Multnomah County, et al.,* dismissing appeal for want of substantial federal question (Mr. Justice Brennan, joined by Mr. Justice Stewart and Mr. Justice Marshall, dissenting), 426 US 913 (1976).

In 1971 this court adopted "some very general standards for passing on petitions for review," but they were abandoned about three years thereafter. *See K. v. Health Division,* 277 Or 371, 377,560 P2d 1070, 1072 (Denecke, C. J., specially concurring). As the Chief Justice there noted, the function of a court of discretionary review is not primarily, at least, that of correcting error. A noted scholar of the subject has put the matter better than can this writer:

> "It is almost axiomatic that every losing litigant in a one-judge court ought to have a right of appeal to a multijudge court. Most do not appeal, but the right is a protection against error, prejudice, and human failings in general. This relates to the appellate function of rectifying trial court errors, of seeing to it that litigants receive justice according to law. It is assumed correctly that a collegial body, removed from local pressures, sitting calmly in a quiet atmosphere with each judge

[ 2 ]

thinking independently, is best able to catch mistakes and remedy them. The ideal of impartial justice can thus be approached.

"It is almost equally axiomatic that one appeal is enough to insure justice between parties. Perfect justice, especially from the point of view of the losing party, may not ensue from any appellate decision. A second appeal carries with it no assurance that justice will be more nearly approximated by mere repetition of collegial processes. The basic advantage of the appellate process, insofar as it increases the probability of fair treatment of the parties under known law, has been exhausted in the one appeal. Any justification for further appeal must be in some other function of the judicial process.

"* * * * *

"A fair measure of agreement has come to exist among jurists that the principal function of the top court in a three-tier judicial system is to keep the law in proper order. * * *" (footnote omitted) R. Leflar, *Internal Operating Procedures of Appellate Courts,* p. 4.

I would not go so far as to say that this court should never allow a petition for review *only to correct* what appears upon the surface to constitute *egregious error,* but obviously such instances should be few and far between.

While I am convinced upon the basis of the record before us (oral argument being lacking) that the result reached by the Court of Appeals in the case at bar is erroneous because of violation by the police of ORS 131.625, I would not for that reason alone vote to grant review. The case has importance far beyond its own resolution, however, because peace officers will become aware of the judicial endorsement of action which violates the plain terms of the statute and will feel free to do so in the future. (I have not overlooked the possible issues of constitutional dimension but need not explore them because resort to the statute suffices.)

The fact that the situation in which the police officers executing this search warrant was one in

which they would naturally feel much more comfortable and safe by frisking everyone present cannot justify their violation of the statute with respect to this defendant. There was no basis in the evidence upon which the officer could reasonably suspect that *this defendant* was armed and presently dangerous to the officer(s). Police work constitutes a hazardous profession. That fact does not confer upon peace officers the right to violate the law. Elimination of the hazard must come through change of law or of profession, not through disregard of the law.

In the absence of published standards to advise the bench, bar and the rest of the public as to the effect of our denial of a petition for review, I believe the public will understand our denials as placing the stamp of approval on the decisions of the Court of Appeals for which review is sought in this court. That, coupled with the importance of this case beyond its own borders as a vehicle "to keep the law in proper order," impels me to dissent.

Linde, J., would also allow the petition for review.