Argued and submitted March 30, affirmed August 10, 1981

# STATE OF OREGON,
## *Respondent,*
### *v.*
# JEFFREY DAVID MILLER,
## *Appellant.*

## (No. 80-2661-C-1, CA 19176)

632 P2d 493

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction by a jury of burglary in the second degree. ORS 164.215.[1] We affirm.

On April 29, 1980, an attempt was made to break into the State Police Crime Laboratory in Medford. Police chased a suspect seen running from the area. Officer Jacobson tackled the suspect, who was able to break loose and escape. Defendant was arrested on July 30, 1980, after Jacobson identified him as the suspect he had tackled.

■ Defendant first assigns as error the trial court's refusal to allow his motion to exclude testimony showing that defendant had been arrested six weeks before the burglary for possession of a controlled substance and that evidence seized at the time of that arrest was in the crime laboratory when the break-in occurred. Defendant contends that this evidence was highly prejudicial and should not have been admitted during his trial. The state offered the evidence to show defendant had a motive for breaking into the crime laboratory and that he had the requisite intent for second degree burglary, *i.e.,* that he intended to steal the controlled substance which could have been used to convict him of another crime.

■ ■ That evidence may be prejudicial does not render it inadmissible. *State v. Harris,* 21 Or App 174, 177, 534 P2d 202, *rev den* (1975). The question is whether the probative value of the evidence outweighs its prejudicial nature. *State v. Hockings,* 29 Or App 139, 147, 562 P2d 587, *rev den* (1977), *cert den* 434 US 1049 (1978); *State v. Kelley,* 29 Or App 321, 325, 563 P2d 749, *rev den* (1977). Evidence which shows the commission of other crimes is admissible if it tends to show intent or motive for the crime charged. *State v. Freeman,* 232 Or 267, 272, 374 P2d 453 (1962); *State v. McDonald,* 231 Or 24, 46, 361 P2d 1001 (1962). Where evidence has some probative value, the trial judge has latitude in deciding whether the detrimental aspect of the testimony outweighs its probative value, and the judge's

---

[1] ORS 164.215 provides:

"A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with the intent to commit a crime therein."

ruling will not be reversed on appeal in the absence of an abuse of discretion. *State v. Krummacher,* 269 Or 125, 144, 523 P2d 1009 (1974). We find that the probative value of this evidence outweighed its prejudicial nature. The trial court committed no error in denying defendant's motion.

■      Defendant next contends the trial court erred in refusing to instruct the jury on the lesser included offense of criminal trespass in the second degree. ORS 164.245.[2] ORS 136.465 provides:

> "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime."

A defendant is entitled to an instruction on a lesser included offense if there is a disputed issue of fact enabling the jury to find that all the elements of the greater offense have not been proved, but that all the elements of the lesser offense have been proven. This entitlement is subject to the qualification that the lesser included offense must be one which is included either in the statutory framework concerning the greater and lesser offense or in the accusatory instrument itself. *State v. Naylor,* 291 Or 191, 629 P2d 1308 (1981). In this case, the lesser included offense is embraced both by the statutory framework and by the accusatory instrument.

However, in *State v. Washington,* 273 Or 829, 836, 543 P2d 1058 (1975), the Supreme Court said:

> "The single limitation on the right of either the prosecution or the defendant to request lesser included offenses instructions * * * is that there must be evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could

---

[2] ORS 164.245 provides:

"A person commits the crime of criminal trespass in the second degree if he enters or remains unlawfully in or upon premises."

Defendant noted his exception as follows:

"I take exception, Your Honor, * * * criminal trespass in the second degree was not given."

The trial judge responded:

"The reason I didn't give the [requested instruction] * * * *I didn't really feel there was any evidence on that,* * * *." (Emphasis added.)

rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater." (Citation omitted.)

*See also, State v. Palaia,* 289 Or 463, 471, 614 P2d 1120 (1980); *State v. Williams,* 270 Or 152, 526 P2d 1384 (1974).

▇▇▇▇ Evidence sufficient to establish a burglary also establishes a trespass. The issue posed by the rule in *Washington* is whether the jury could rationally and consistently have found from the evidence here that a trespass was committed and that a burglary was not. Defendant defended the charge on the basis of an alibi. Although an alibi defense did not *per se* preclude defendant from requesting a lesser included offense instruction, the evidence indicates there was no basis for the instruction. In his opening statement and his closing argument to the jury, defendant's counsel virtually conceded the state had proven a burglary, but he argued that defendant was not involved because he was elsewhere at the time and was misidentified as the burglar.[3] Defendant absolutely denied being on the premises. The sole theory of the defense, therefore, was that if a burglary was committed by anybody, it was not committed by the defendant, because the defendant was not present at the time the burglary occurred. We fail to understand how the jury could have rationally and consistently found the defendant guilty of a trespass but not of the burglary.

---

[3] Defendant never contested the fact that a burglary had occurred. He only asserted that he was not the burglar. In his opening statement, defense counsel said:

"Ladies and gentlemen of the jury, as you probably have surmised from the questions which I asked you during the voir dire section of this trial, we are relying here today on the defense of alibi. That means we are not here questioning Trooper Jacobson, Mr. Hill, people who observed the break-in at the Crime Laboratory on April 29th. The evidence which we present will show that Jeffrey Miller on the night of April 29th was not at the Oregon State Police Crime Lab because he was somewhere else.

"* * * * *

"Again, I want to make it quite clear that we are not here denying the fact that somebody broke into the Oregon State Police Crime Lab. What we are denying, and what Mr. Miller's entry of a plea of not guilty means, is that he denies that he in any way, shape or form was involved."

After the State rested its case, defense counsel moved for a judgment of acquittal on the ground that:

We therefore hold that under the evidence in this case the failure to give the requested instruction was not reversible error.[4]

■ Lastly, defendant contends the court should have granted his motion for judgment of acquittal. He argues that because of inconsistencies between the description of the burglar by the eyewitness and defendant's appearance at trial, there was insufficient evidence of identification to establish defendant's guilt beyond a reasonable doubt. The trial court correctly observed, in denying the motion, that the credibility and weight of the eyewitness' testimony was a question of fact for the jury. *State v. Krummacher, supra.* The motion was properly denied.

Affirmed.

---

"* * * The State has produced a great quantity of evidence concerning the burglary at the Oregon State Police Crime Lab. The only evidence which links Mr. Miller comes from an Oregon State Police Officer who swears it was him, despite discrepancies in his initial description of the subject which placed his weight at approximately 160 pounds. Mr. Miller weighs 200 pounds. On the booking sheet that the officer himself signed, the color of his hair is pictured as reddish brown or sandy brown. Mr. Miller's hair is blond.

"I feel that in a criminal prosecution the burden just has not been met in this situation. I also feel that the State has failed to introduce evidence which it could have produced. Where is the blue T-shirt that the Trooper removed from whomever he struggled with? Why isn't that in physical evidence?

"I feel that in light of all of these things -- one more thing is that Mr. Hill, the janitor from Goodwill Industries admits that when he was asked by the Oregon State Police he said that he thought he could identify the person, and yet he looked at Mr. Miller during trial and did not identify him.

"I think all of these things added together are not sufficient to create guilty beyond a reasonable doubt, and I would ask that the charge be dismissed."

During closing argument, defense counsel told the jury:

"* * * * *

"* * * I'm not here trying to tell you that Trooper Jacobson lied. I think Trooper Jacobson is testifying as honestly as he can. I think he is wrong. * * *

"* * * * *

"* * * It's embarrassing, but when somebody breaks into the State Police Crime Lab and he gets away, they're in a tough position. He thinks he knows who did it. * * *"

[4] While we find no error in this case we nevertheless suggest that trial judges should resolve any doubts about the requirement for lesser included instructions in favor of giving such instructions. ORS 136.465. Either the defendant or the prosecution can request an instruction as to lesser offenses which are included either under the statutory definition or under the indictment charging the crime. *State v. Washington,* 273 Or 829, 836, 543 P2d 1058 (1975).