Argued and submitted August 5, affirmed December 7, 1983

## STATE OF OREGON,
*Respondent,*

*v.*

## SHERMAN HENRY KETCHUM,
*Appellant.*

(10-82-04241; CA A27601)

673 P2d 555

James C. Jagger, and Jagger & Holland, Eugene, filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for first degree sodomy. He asserts that the trial court erred in refusing to instruct the jury regarding the lesser included offense of sexual abuse. We affirm.

We summarize the evidence in the light most favorable to the state. *State v. Krummacher,* 269 Or 125, 137, 523 P2d 1009 (1974). Defendant was charged with having knowingly engaged in deviate sexual intercourse with a nine-year-old child. Officer Antoine testified that he interviewed defendant regarding the child's allegations, that he admitted that he had engaged in sexual activity with the child on several occasions and that he voluntarily gave a tape-recorded statement corroborating the child's allegations.[1]

At trial the child testified that defendant had engaged in sexual activity with her approximately five or six times over the past two years. She was able to recall specifically only two of those occasions, the first and the last. She recalled that on the first occasion defendant pushed her down on a bed and had sexual intercourse with her. The last time he had put his mouth on her vagina and placed his tongue inside her.

Defendant requested the following instruction:

"DEFENDANT'S REQUESTED INSTRUCTION NO. 1

"Oregon law provides: A person commits the crime of sexual abuse in the first degree if he subjects another person to sexual contact and the victim is less than 12 years of age.

"In order to establish sexual abuse in the first degree, it is necessary for the State to prove beyond a reasonable doubt every material element of the crime as follows:

"1. First, that the crime was committed in Lane County, Oregon.

"2. Second, that the crime was committed on or about the 25th day of December, 1981, which is the date alleged in the indictment.

---

[1] At trial, defendant repudiated his confession. He stated that he had "no idea" why he had confessed to incidents of sexual activity with the child that, he stated, had never occurred.

"3. Third, that the defendant subjected [the victim] to sexual contact and that she, at the time of the contact, was less than 12 years of age.

"ORS 163.425."[2]

"DEFENDANT'S REQUESTED INSTRUCTION NO. 2

" 'Sexual contact' means any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party.

"ORS 163.305(6)"

The court declined to instruct the jury regarding the lesser included offense of sexual abuse.[3]

 Generally, a criminal defendant may have an instruction on a lesser included offense included within the statutory definition of the greater offense. *State v. Washington,* 273 Or 829, 836, 543 P2d 1058 (1975). Sexual abuse is included within the statutory definition of sodomy. *State v. Dilts,* 28 Or App 393, 559 P2d 1326 (1977).

"The single limitation on the right of either the prosection or the defendant to request lesser included offense instructions under these statutes is that there must be evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater. * * *" *State v. Washington, supra,* 273 Or at 836.

The fact that at trial defendant denied any sexual contact with the child does not preclude the jury's being instructed regarding the lesser included offense of sexual abuse. *State v. Thayer,* 32 Or App 193, 197, 573 P2d 758, *rev den* 283 Or 1 (1978). *State v. Washington's* requirement that some evidence supporting defendant's guilt of the lesser offense must have been adduced, however, precludes giving the instruction here.

---

[2] ORS 163.425 was amended by the 1983 legislature in a manner not material to our disposition here. Or Laws 1983, ch 564, § 1.

[3] Defendant's counsel did not take part in the court's discussion with the prosecutor about the requested instruction, nor did he except to the court's ruling. Nevertheless, defendant's request that the instruction be given was sufficient to preserve the question for review. *State v. Noble,* 26 Or App 921, 924, 554 P2d 533 (1976), *rev den* 277 Or 99 (1977).

The jury had evidence from three sources describing the sexual activity between defendant and the victim: the child's testimony, Antoine's testimony regarding defendant's inculpatory statements and defendant's tape-recorded statement. The state elected to proceed only on the last sexual incident between defendant and the child. For defendant to have been entitled to an instruction on sexual abuse, therefore, some evidence must have been presented tending to show that he committed sexual abuse but not sodomy. However, there was no evidence on which the jury could have logically based a conclusion that he was innocent of sodomy but guilty of sexual abuse.

ORS 163.405 provides:

> "A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:
>
> "* * * * *
>
> "(b) The victim is under 12 years of age * * *
>
> "* * * * *."

"Deviate sexual intercourse" is

> "* * * sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another." ORS 163.305(1).

For defendant to have been entitled to an instruction regarding sexual abuse, evidence must have been adduced indicating that defendant engaged the victim in "sexual contact," ORS 163.305(6), but not in "deviate sexual intercourse." ORS 163.305(1).

In his brief, defendant asserts that in his tape-recorded statement he said that only his face touched the child's sex organs and, thus, evidence of the lesser offense was before the jury. In the statement defendant did say that only his face touched the child's sex organs, but that admission concerned an earlier act for which defendant was not prosecuted. In the statement defendant also described the last occurrence of sexual activity with the victim as follows:

"Q What happened in Christmas of '81?[4]

---

[4]Defendant's recollection was that the last incident of sexual activity with the child occurred at or near Christmas Day, 1981.

"A Basically the same thing.

"* * * * *

"Q What happened when you got upstairs?

"A By that time, she knew what was happening, and she would automatically — if it was a dress, she'd lift her dress, if it was clothes or pants, she'd pull them down.

"Q And then what?

"A * * * And as I've explained, I don't believe, or I didn't think at the time that I went past sodomy.

"Q Okay. Do you recall, in this incident, putting your mouth on her vagina?

"A Yes. And that was, in my own mind, the only time I put my mouth on her vagina. * * *"

Nothing else in the tape-recorded statement purported to be a specific description of what had occurred during the last sexual encounter, the one for which the jury convicted defendant.

Antoine testified that defendant had described his last sexual encounter with the child as follows:

"* * * [H]e asked [the victim] to go upstairs to the attic bedroom with him, and that it was his intent to engage her in sexual activity. He told me that he sat on the bed and removed her pants on that particular occasion, and placed his head between her legs and licked her vagina."

As previously discussed, that corroborates the victim's testimony that defendant sexually assaulted her. Thus, other than defendant's denial at trial of any contact with the child, the only evidence regarding the last incident of sexual contact between defendant and the child was that he had placed his mouth on her vagina. That constituted "deviate sexual intercourse" under ORS 163.305(1). "Deviate sexual intercourse" with a child under 12 is first degree sodomy. ORS 163.405. Because no evidence was adduced from which the jury logically could have concluded that defendant was guilty of

sexual abuse but innocent of sodomy, the trial court correctly rejected defendant's requested instructions.[5]

 Affirmed.

---

[5] *See State v. Palaia,* 289 Or 463, 475, 614 P2d 1120 (1980); *State v. Williams,* 270 Or 152, 526 P2d 1384 (1974); *State v. Miller,* 53 Or App 493, 497, 632 P2d 493 (1981); *State v. Davis,* 44 Or App 549, 606 P2d 671, *rev den* 289 Or 45 (1980).