Submitted on record and briefs May 10, finding of jurisdiction on first charge affirmed; finding of jurisdiction on second charge reversed; remanded for new dispositional hearing June 19, 1991

In the Matter of
Lawrence Roy Beck, a Male Child.

STATE ex rel JUVENILE DEPARTMENT
OF DOUGLAS COUNTY,
*Respondent,*

*v.*

Lawrence Roy BECK,
*Appellant.*

(7050; CA A65585)

813 P2d 1085

Richard D. Cohen, Portland, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Child appeals a juvenile court determination that he had engaged in conduct that would constitute disorderly conduct if done by an adult. ORS 166.025. The issue is whether disorderly conduct is a lesser included offense of menacing. We hold that it is not.

The state alleged that child had committed two acts of menacing. ORS 163.190. The juvenile court adjudicated him to be within its jurisdiction on the first charge, but concluded that the state had failed to prove the second. On that charge, the court found that child had committed the equivalent of disorderly conduct. Child asserts that, because the state's petition alleged only menacing, the court was without authority to find him responsible for disorderly conduct as a lesser included offense.

ORS 163.190 defines menacing, a Class A misdemeanor:

"A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury."

ORS 166.025(1) defines disorderly conduct, a Class B misdemeanor:

"A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person [commits any one of several prohibited acts, including engaging in threatening behavior]."

Although the physical actions may be identical, each offense requires a different mental state. The state concedes that, because all of the elements of disorderly conduct are not necessarily included in menacing, disorderly conduct cannot be a lesser included offense. It also concedes that, although child's trial counsel did not raise the issue below, the error is plain on the face of the record. *State v. Martz,* 103 Or App 105, 795 P2d 616 (1990). We accept the state's concessions.

Finding of jurisdiction on first charge affirmed; finding of jurisdiction on second charge reversed; remanded for a new dispositional hearing.