Argued and submitted December 17, 1990, conviction for attempted sodomy reversed and remanded for new trial; otherwise affirmed September 25, appellant's petition for reconsideration denied November 27, 1991, petition for review pending 1992, respondent's petition for reconsideration allowed by opinion February 12, 1992

See 111 Or App 362 (1992)

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL DEL FOX,
*Appellant.*

## (89CR2528; CA A63574)

818 P2d 942

Chris G. Palmer, Coquille, argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

Rossman, J., concurring in part; dissenting in part.

## DE MUNIZ, J.

Defendant was convicted of attempted sodomy in the first degree, ORS 163.405, kidnapping in the first degree, ORS 163.235, assault in the fourth degree, ORS 163.160, and menacing. ORS 163.190. He appeals his convictions for attempted sodomy in the first degree and kidnapping in the first degree, contending that the trial court erred in denying his motion for acquittal on the charge of kidnapping and in failing to give his requested instruction on attempted sexual abuse as a lesser included offense of sodomy.

These facts are undisputed. After an evening drinking at two local bars, the victim approached defendant, who was in his car parked at a convenience store in Coos Bay. Although she did not know defendant, she asked him for a ride to her home. Defendant agreed and drove in that direction.

The other events are disputed. The victim testified that defendant pulled the car over to the side of the road. He grabbed her by the hair with one hand, undid his pants with the other and forced her head down onto his lap. Her closed mouth touched his penis. She struggled and bit his penis. He pulled her away by the hair, choked her and said that he was going to kill her. He pulled her pants down to her ankles with one hand and tried to get on top of her. She struggled and tried to get out of the car, but could not.

She testified that he began to drive again and held her head down on the seat with one hand. He told her that they were "going over the bridge." She continued to struggle and to try to get out of the car. She screamed, honked the horn and kicked at the steering wheel to get the attention of some people that she saw. She saw that they had noticed the struggle. Defendant told her to get out of the car, and he pushed her, or she jumped, out. Her pants were still down around her ankles. She sustained a split lip and bruises around her neck and had clumps of hair removed from her head. Defendant testified that he agreed to give the victim a ride home and that, because of some bizarre behavior by the victim in the car, he had had to struggle with her. However, defendant denied that he intended at any time to assault the victim sexually.

Defendant contends that the trial court's denial of his motion for judgment of acquittal on the kidnapping charge was error, because there was insufficient evidence "from which the jury could have found that the defendant intended to interfere substantially with the personal liberty of the victim." He argues that the alleged kidnapping "is merely incidental to the alleged sodomy." *See State v. Garcia,* 288 Or 413, 605 P2d 671 (1980).[1] We disagree.

■ We view the evidence in the light most favorable to the state to determine if any rational trier of fact could have concluded that defendant had the requisite intent. *See State v. King,* 307 Or 332, 768 P2d 391 (1989). Defendant notes that the victim voluntarily got in his car and that he "did not deviate substantially from the route to [her] intended destination." Even so, the victim testified that she struggled to get out of the car from the time that he forced her head onto his lap. He drove off and held her head to the seat while she struggled and tried to get out of the car. He said that he was taking her "over the bridge," which was past her destination, and he let her out only after she was able to alert others. There was sufficient evidence to support the jury's finding that defendant was guilty of kidnapping in the first degree.

■ The trial court denied defendant's requested jury instruction for attempted sexual abuse in the first degree on the ground that sexual abuse is not a lesser included offense of sodomy in the first degree.[2] However, in *State v. Dilts,* 28

---

[1] Defendant does not argue that there was insufficient evidence from which the jury could find that he had "take[n] the [victim] from one place to another" under ORS 163.225(1)(a). *See State v. Jefferson,* 81 Or App 479, 726 P2d 392, *rev den* 302 Or 461 (1986).

[2] ORS 163.425 provides, in part:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact; and

"* * * * *

"(B) The victim is subjected to forcible compulsion by the actor * * *."

ORS 163.305(6) defines "sexual contact" as

"any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

ORS 163.405 provides, in part:

"(1) A person who engages in deviate sexual intercourse with another

Or App 393, 559 P2d 1326 (1977), we held that sexual abuse is a lesser included offense of sodomy. We said:

> "We note that the language in ORS 163.305(7) regarding arousing or gratifying sexual desire was only included so that an inadvertent touching would not constitute a crime. *See* Proposed Oregon Criminal Code 122, Commentary to §§ 115-16 (1970). The definition of sexual contact contained in ORS 163.305(7) obviously includes the advertent touching involved in a rape or sodomy. Perhaps for this reason it has been observed that under analogous provisions of the New York Revised Penal Law — from which the Oregon statutes in question were derived — '* * * the crime of sexual abuse * * * is, in effect, merely a lesser-included offense [of rape and sodomy] for which the jury may convict if it is not satisfied with the proof offered as to the greater offense. * * *' Pitler, *'Existentialism' and Corroboration of Sex Crimes in New York; A New Attempt to Limit 'If Someone Didn't See It, It Didn't Happen,'* 24 Syracuse L Rev 1, 27 (1973).

> "Since sexual contact is implicit in the crimes charged, it follows that the crime of sexual abuse is a lesser included offense of said crimes." 28 Or App at 395. (Footnote omitted.)

In *State v. Ketchum,* 66 Or App 52, 55, 673 P2d 555 (1983), we again said, "Sexual abuse is included within the statutory definition of sodomy." *See also State v. Harris,* 287 Or 335, 340, 599 P2d 456 (1979) (wherein the Supreme Court said that the commission of sodomy in the first degree necessarily included commission of the offense of sexual abuse).

■       Nevertheless, the dissent contends that *Dilts* was wrongly decided, because,

> "[f]or a conviction of sexual abuse, the state is required to prove that the defendant touched the victim's intimate parts or caused the victim to touch him, and that the defendant acted for the specific purpose of gratifying or arousing himself or the victim. ORS 163.305(6); ORS 163.415; ORS 163.425. The elements of sodomy that are unlike sexual

---

person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"(a) The victim is subjected to forcible compulsion by the actor * * *."

ORS 163.305(1) defines "deviate sexual intercourse" as

"sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another."

abuse are the deviate nature of the intended act and the *intent to commit that act.* The unique element of the sexual abuse crime is the *intent to arouse or gratify.* A comparison of the statutes reveals that proof of sodomy, which requires intentional 'sexual *conduct,*' ORS 163.305(1), does not establish sexual abuse. Sexual abuse requires "sexual *contact,*" which the legislature has defined as touching 'for the purpose of' gratification or arousal. ORS 163.305(6). Simply put, each statute requires proof of an element that the other does not." 109 Or App at 59-60. (Emphasis in original.)

The dissent is wrong. The requirement that the perpetrator act for the purpose of sexual gratification or arousal is contained in the elements of sodomy. ORS 163.305(1) defines deviate sexual intercourse as "*sexual conduct* between persons consisting of contact between the sex organs of one person and the mouth or anus of another." (Emphasis supplied.) A sexual predator may act for a number of reasons, motives or purposes; however, for contact involving the sex organs of either party to constitute conduct that is sexual, a component of the perpetrator's intent must be sexual gratification or arousal. Sexual abuse does not have a *mens rea* element that is not found in the definition of sodomy.

■■     The trial court erred when it refused to give defendant's requested instruction, unless there was no evidence or any inference that could be drawn from the evidence to support the instruction. *See State v. Washington,* 273 Or 829, 836, 543 P2d 1058 (1975).[3] The victim testified that all of the acts constituting sodomy occurred[4] and also testified that defendant pulled her pants down to her ankles and tried to get on top of her. Sexual contact, or attempted sexual contact, as defined for purposes of sexual abuse, is contained in the victim's description of defendant's conduct. Because there was evidence from which a reasonable jury could conclude

---

[3] In *Washington,* the Supreme Court said:

"The single limitation on the right of either the prosecution or the defendant to request lesser included offense instructions under these statutes is that there must be evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater." 273 Or at 836. (Footnote omitted.)

[4] Although the victim testified that all of the acts constituting sodomy in the first degree occurred, the jury found defendant guilty of the lesser crime of attempted sodomy in the first degree.

that defendant intended only sexual abuse, the court should have given his requested instruction.[5]

Conviction for attempted sodomy in the first degree reversed and remanded for new trial; otherwise affirmed.

**ROSSMAN, J.,** concurring in part; dissenting in part.

Because the trial court correctly decided that defendant was not entitled to a jury instruction on attempted sexual abuse, I would affirm his conviction for attempted sodomy in the first degree.

The majority relies on *State v. Dilts,* 28 Or App 393, 559 P2d 1326 (1977), as precedent for the view that sexual abuse is a lesser included offense of sodomy. From my reading of more recent cases, however, I would conclude that the Supreme Court has tacitly overruled *Dilts.*[1] The rule today is that, if "each statutory offense requires proof of a separate element," there is no lesser included offense. *State v. Crotsley,* 308 Or 272, 279-80, 779 P2d 600 (1989).

The offenses of sodomy and sexual abuse each contain a significant, dissimilar element that prevents the latter from being a lesser included offense of the former. If the victim is a competent adult, a conviction for first degree sodomy requires the state to establish that the defendant engaged in deviate sexual intercourse and subjected the victim to "forcible compulsion." ORS 163.405(1)(a). Although the sodomy statute specifies no *mens rea* requirement, another statute requires the state to show that the defendant acted "intentionally, knowingly, recklessly or with criminal negligence." ORS 161.115(2). For a conviction of sexual abuse, the state is required to prove that the defendant touched the victim's intimate parts or caused the victim to touch him, and that the defendant acted for the specific

---

[5] The fact that defendant denied intending any sexual contact with the victim does not preclude an instruction on a lesser included offense. *State v. Ketchum, supra,* 66 Or App at 55; *State v. Thayer,* 32 Or App 193, 197, 573 P2d 758, *rev den* 283 Or 1 (1978).

[1] The majority cannot make *Dilts* correct simply by citing *State v. Ketchum,* 66 Or App 52, 55, 673 P2d 555 (1983) and *State v. Harris,* 287 Or 335, 340, 599 P2d 456 (1979). 109 Or App at 57. Those cases were decided before the rules regarding the merger of offenses changed.

purpose of gratifying or arousing himself or the victim. ORS 163.305(6); ORS 163.415, ORS 163.425. The elements of sodomy that are unlike sexual abuse are the deviate nature of the intended act and the *intent to commit that act*. The unique element of the sexual abuse crime is the *intent to arouse or gratify*. A comparison of the statutes reveals that proof of sodomy, which requires intentional "sexual *conduct*," ORS 163.305(1), does not establish sexual abuse. Sexual abuse requires "sexual *contact*," which the legislature has defined as touching "for the purpose of" gratification or arousal. ORS 163.305(6). Simply put, each statute requires proof of an element that the other does not.

The majority writes that the *mens rea* requirement of "gratification or arousal is contained in the elements of sodomy." 109 Or App at 58. There is absolutely no statutory authority for that statement, so the majority understandably cites none. The majority further writes that conduct is "sexual" only if "a component of the perpetrator's intent [is] sexual gratification or arousal."[2] 109 Or App at 58. Again, there is no authority for such an assertion. Finally, the majority engages in judicial legislation by grafting the *mens rea* requirement for sexual abuse onto the crime of sodomy, which already has one *mens rea* requirement. After this decision, the state will be required to prove an additional element when it seeks to establish sodomy. After showing that a defendant intended to and did commit the act, it will also have to show that he committed the act for the purpose of gratification or arousal. Yet the statute defining sodomy does not contain any such requirement. Query: What will be the result, if the jury believes that the defendant committed the act out of anger, not sexual desire?

As discussed above, deviate sexual "conduct" — in a sodomy case — requires intent to *act;* sexual "contact" — in a sex abuse case — requires intent to gratify or arouse. It is axiomatic that, if the state must prove an additional or different element, as here, an offense simply cannot be a

---

[2] The subtle but unmistakable result of that statement is that gratification or arousal must be proved in *all* sex crimes. Taken to its logical conclusion, that would mean that it would be error for a trial judge not to instruct the jury on sexual arousal or gratification in a rape case, or in any other case where the offense involves contact with the intimate parts of either party.

"lesser included" offense. *State ex rel Juv. Dept. v. Beck,* 107 Or App 644, 813 P2d 1085 (1991). Defendant was not entitled to a jury instruction on sexual abuse, because the elements of that offense are not within the statutory definition of sodomy, and sexual abuse was not alleged in the charging instrument. *State v. Thayer,* 32 Or App 193, 195, 573 P2d 758, *rev den* 283 Or 1 (1978). Accordingly, I would hold that his request was properly denied.

Finally, even if the Supreme Court has *not* tacitly overruled *Dilts,* we should take it upon ourselves to overrule it. It was wrong on the day that it was decided, and it is just as wrong today.