On respondent's petition for reconsideration filed December 4, 1991, reconsideration allowed; opinion (109 Or App 53, 818 P2d 942) modified and conviction for attempted sodomy affirmed February 12, reconsideration denied June 17, petition for review denied July 21, 1992 (313 Or 627)

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL DEL FOX,
*Appellant.*

## (89CR2528; CA A63574)

826 P2d 89

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, for petition.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

In our previous opinion, we affirmed defendant's conviction for kidnapping in the first degree, ORS 163.235, reversed his conviction for attempted sodomy in the first degree, ORS 163.405, and remanded for a new trial. 109 Or App 53, 818 P2d 942 (1991). The state petitions for review of that part of our decision reversing defendant's attempted sodomy conviction. We treat the petition as one for reconsideration, ORAP 9.15, and allow it. We modify our decision and affirm defendant's conviction for attempted sodomy.

Defendant was convicted of attempted sodomy in the first degree, kidnapping in the first degree, assault in the fourth degree and menacing. ORS 163.405;[1] ORS 163.235; ORS 163.160; ORS 163.190. He requested an instruction on attempted sexual abuse in the first degree, *former* ORS 163.425,[2] claiming that it is a lesser included offense of sodomy. The trial court refused his request. We reversed his conviction on the ground that the trial court erred by refusing to give his requested instruction to the jury. On reconsideration, we conclude that the evidence in this case did not warrant an instruction on attempted sexual abuse.

---

[1] ORS 163.405 provides, in part:

"(1) A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"(a) The victim is subjected to forcible compulsion by the actor [.]"

ORS 163.305(1) defines "deviate sexual intercourse" as

"sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another."

[2] *Former* ORS 163.425 provided, in part:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact; and

"* * * * *

"(B) The victim is subjected to forcible compulsion by the actor * * *."

ORS 163.305(6) defines "sexual contact" as

"any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

Sexual abuse in the first degree is now codified at ORS 163.427.

We restate the pertinent facts. Late one evening, defendant was sitting in his car in front of a convenience store. The victim, who did not know defendant, approached and asked him for a ride home. He agreed, and she got in his car. Defendant began driving in the direction of her home. She testified that defendant pulled his car over to the side of the road and grabbed her by the hair with one hand. He undid his pants with his other hand and forced her head into his lap. She testified that, as she struggled, her closed mouth touched his penis, and then she bit his penis. Defendant pulled her away by the hair and choked her. He told her that he was going to kill her. Defendant then pulled her pants down and tried to get on top of her. She struggled and tried to get out of the car. He resumed driving, while she continued struggling. She screamed, honked the horn and kicked at the steering wheel, which attracted the attention of some people that she saw. Defendant told her to get out of the car. Either he pushed her out, or she jumped out, with her pants still down around her ankles. She suffered a split lip, her neck was bruised and clumps of hair were torn from her head.

Defendant testified that he had agreed to give the victim a ride home. He said that she began acting bizarrely and that he had to struggle with her. However, he denied that he ever intended to sexually assault her.

■ The trial court denied defendant's requested jury instruction for attempted sexual abuse in the first degree on the ground that sexual abuse is not a lesser included offense of sodomy in the first degree. In our previous opinion, we concluded that he was entitled to the instruction. We reached the wrong result in that opinion, because we failed to recognize the significance of the fact that defendant's alleged sexual conduct constituted two distinct crimes.

■■ Defendant was charged only with sodomy in the first degree.[3] The evidence that supports that charge is the victim's testimony that defendant pushed her head into his lap and that her mouth touched his penis, because those allegations described "deviate sexual intercourse." *See* ORS

_____

[3] Defendant was also charged with kidnapping in the first degree, assault in the fourth degree and menacing. ORS 163.235; ORS 163.160; 163.190. He was convicted on the kidnapping charge. In this opinion, we discuss only the allegations of sexual misconduct.

163.045(1). Defendant testified that those events did not occur. Finding facts is the province of the jury. ORS 10.095; *See State v. Dills*, 244 Or 188, 193, 416 P2d 651 (1966). In a criminal case, a jury may believe or disbelieve any item of evidence, even if it is uncontroverted. *State v. Palaia*, 289 Or 463, 475, 614 P2d 1120 (1980). If the jury believed all of the victim's testimony, then defendant completed all of the acts constituting the crime of sodomy. The jury could have believed defendant about those events and completely rejected the victim's testimony. If it did, the jury would have found him not guilty of the crime charged.[4]

■    The standard for justifying a lesser included instruction is the same for the state and the defendant. *See State v. Washington*, 273 Or 829, 836, 543 P2d 1058 (1975). The instruction is proper if

> "there [is] evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater." 273 Or at 836.

*See also State v. White*, 303 Or 333, 736 P2d 552 (1987). The jury could have concluded that, when defendant allegedly pushed the victim's head into his lap, he committed or attempted to commit sodomy. If it completely disbelieved the victim's testimony, it would have concluded that he was not guilty of either of those offenses. However, the jury could not rationally and consistently conclude that he attempted only sexual abuse when he forced her head toward his penis.

■    The victim testified that defendant then pulled her pants down to her ankles and tried to get on top of her. However, that alleged conduct was uncharged.[5] It could not have supplied proof of the *actus reus* for sodomy or attempted sodomy.[6]

---

[4] Although the victim testified that all of the acts constituting sodomy in the first degree occurred, the jury found defendant guilty of the lesser crime of attempted sodomy in the first degree.

[5] The indictment charged defendant with

"unlawfully and knowingly by forcible compulsion, engag[ing] in deviate sexual intercourse with [the victim]."

[6] The state concedes that the uncharged conduct "could not independently prove the sodomy charge." It may have been probative of defendant's intent to

ORS 136.465 provides:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime."

A person may not be convicted of a crime for conduct that was not charged. *See State v. Meyers,* 76 Or App 420, 709 P2d 253 (1985). The conduct that would have supported a conviction for attempted sexual abuse was not described in the indictment. Defendant could not have been convicted of that crime. The trial court did not err when it refused to give defendant's requested instruction on attempted sexual abuse.

Petition for reconsideration allowed; opinion modified; conviction for attempted sodomy affirmed.

---

compel the victim forcibly to engage in sodomy. We do not decide whether the evidence was admissible for that purpose or whether the jury was given proper limiting instructions.